Commonwealth *v.* Tirpak et al., Appellants.

Argued September 30, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Jerome Hahn,* for appellant.

*Sanford S. Finder,* for appellant.

*John W. Edwards, Jr.,* for appellant.

*Walter W. Gregory, Jr.,* for appellant.

*George E. Anthou,* Assistant District Attorney, with him *Richard DiSalle,* First Assistant District Attorney, and *Jess D. Costa,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, January 7, 1971:

On the evening of May 1, 1967, a raid was made on an alleged "pot" party at 316 East McMurray Road, Peters Township, Washington County. This raid was conducted pursuant to a search warrant. An officer of the Allegheny County police received information that a "pot" party was being held at a home in Peters Township. The Peters Township police were alerted and a surveillance of the home was established. The surveillance disclosed that the lights were on in the house, that people were entering and leaving, and it was apparent that a party of some sort was going on in the house. The police then went to a local magistrate and informed the magistrate of what they had seen in their surveillance. Furthermore, the Allegheny County police officer related the information he had received from what he considered a reliable, confidential source.*

When the police officers entered the house *seven people, including the four appellants,* were found in the game room. The seven individuals were *guests* at a party given by Ida Jane Jansma, who resided with her parents in the house.** The police also found in the game room an open jar containing a substance

---

* The affidavit supporting the issuance of the search warrant was as follows: "On information received from a confidential source, I, Officer Gene A. Fetty, Peters Township Police Department, McMurray, Washington County, Pennsylvania, have just and reasonable grounds for believing and do believe that dangerous drugs and narcotics as defined [citing the statute] the exact quantity and type being to affiant unknown is being possessed, controlled, used, taken, and administered, by persons on the inside of a certain dwelling located at 316 East McMurray Road, Washington County, Pennsylvania, and I, the affiant, have cause to believe that some or all the persons in said dwelling have been using or under the influence of said drugs and narcotics."

** The hostess at the party, Ida Jane Jansma, pleaded guilty to possession of and using narcotics.

which was later identified as marijuana, and four butts in an ash tray, which upon analysis were found to be butts of marijuana cigarettes. The open jar was on the floor in the center of the room, and the closest any of the appellants was to the jar was eight feet.

The four appellants were convicted of and sentenced for violation of Section 4 of the Act of September 26, 1961, P. L. 1664, 35 P.S. §780-4(q), which prohibits the *possession* or *control* of any dangerous or narcotic drug. Section 4 reads, in pertinent part, as follows: "The following acts and the causing thereof within the Commonwealth are hereby prohibited: . . . (q) The possession, control, dealing in, dispensing, selling, delivery, distribution, prescription, trafficking in, or giving of, any dangerous or narcotic drug. . . ."

The Commonwealth admitted at the trial that no marijuana was found on the person of any of the appellants, and that none of the appellants was observed smoking marijuana cigarettes. Under these circumstances, the basis of the Commonwealth's case was the legal theory of constructive or joint possession. The Commonwealth attempts to prove this by proof of the appellants at the scene, opportunity to commit or join in the possession or control of the marijuana, guilt by association, and suspicion or conjecture. Under the particular facts and circumstances of this case, this is not sufficient to prove beyond a reasonable doubt that these four defendants were guilty of the crimes for which they were indicted and convicted, namely, the possession or control of drugs.

Order affirming the judgments of sentence is reversed, judgments of sentence are reversed, and defendants are discharged.

Mr. Justice EAGEN concurs in the result.

Mr. Justice COHEN took no part in the decision of this case.

CONCURRING OPINION BY MR. JUSTICE O'BRIEN:

I am in agreement with the opinion of the court that the evidence in this case was insufficient to establish the guilt of the four appellants. I would reverse for an additional reason, however.

The dissenters in the Superior Court, in my view, correctly concluded that the search warrant in this case was invalid. Therefore, even had the evidence seized been sufficient to support these convictions, that evidence should properly have been suppressed as being the fruit of an invalidly issued search warrant.

---

CONCURRING OPINION BY MR. JUSTICE POMEROY:

I concur in the result on the basis of the dissenting opinion in the Superior Court. *Com. v. Tirpak,* 216 Pa. Superior Ct. 310, 316 (1970).

Mr. Justice JONES joins in this concurring opinion.