Commonwealth *v.* Whitner, Appellant.

558

Argued April 28, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Thomas C. Carroll*, Assistant Defender, with him *John W. Packel*, Assistant Defender, and *Vincent J. Ziccardi*, Defender, for appellant.

*Louis A. Perez, Jr.*, Assistant District Attorney, with him *Milton M. Stein*, Assistant District Attorney, *James D. Crawford*, Deputy District Attorney, *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, October 12, 1971:

On August 27, 1968, some time between 5:00 and 6:00 p.m., Mrs. Anna Berg returned to her third-floor apartment to discover that it had been burglarized and that a typewriter and some money were missing. From the position of a certain flower pot on her windowsill,

it appeared that the intruder had entered through the kitchen window, which was easily accessible from the roof of the adjoining two-story building.

At approximately 7:30 p.m., on the same evening, in response to a telephone call concerning a prowler, the police arrested appellant, Nathaniel Whitner, in a second-floor apartment next door to Mrs. Berg's residence. At the time of his arrest, appellant was lying on a bed holding a shotgun in both hands. His eyes were closed, his head was under a pillow and his shoes were off, but the arresting officer believed he was "faking sleep" because he was not observed to "rub the sleep out of his eyes" when the officer aroused him. About three feet from the bed, on top of a dresser, the officer found what was later identified as Mrs. Berg's typewriter. Adult female clothing was scattered about the room, which was in general disarray. The typewriter itself was "just stuck on top of after-shave lotion and everything else, it was sitting at a crooked angle."

Appellant gave a series of alternative explanations as to who rented the apartment and what he was doing there. The third and final version, that he had the permission of the tenant of the apartment, a woman named Earleen Robinson, appears to have been the version which the police finally believed, although they originally suspected that appellant had broken in.

The room itself was in a state of disorder. There were articles of women's clothing scattered about with dirty clothing stacked up in the corners. The only masculine article specifically identified was the after-shave lotion under the typewriter. The police were apparently satisfied that appellant was not the tenant of the apartment, but that he had the permission of the tenant to be there.

Based on this evidence alone, appellant was convicted on June 27, 1969, by a judge sitting without a jury, of burglary and larceny, but was found not guilty of

receiving stolen goods. The court imposed a sentence of one to three years. On February 21, 1970, belated post-trial motions were denied by a second judge. On appeal to the Superior Court, the judgment of sentence was affirmed. We granted allocatur and now we reverse.

To convict appellant of larceny, the Commonwealth must prove the taking and carrying away of the personal property of another (the typewriter) with the specific intent to deprive the owner permanently of the property. *Commonwealth v. Hilbert*, 190 Pa. Superior Ct. 602, 155 A. 2d 212 (1959). Breaking into Mrs. Berg's apartment to commit the felony of larceny would constitute a burglary.

In denying his post-trial motions, the court indicated that a finding that appellant stole the typewriter was supported by evidence of the theft of the typewriter and evidence of appellant's possession of it on the day of the theft. Unfortunately for the Commonwealth, however, it did not offer sufficient evidence to prove that appellant was in possession of the typewriter when it merely showed him to be lying in the same room as the typewriter in an apartment which was not his. In order to show that appellant was in possession of the typewriter, he must be shown to have a measure of control over it. Cf. *Montoya v. United States*, 402 F. 2d 847 (5th Cir. 1968). Since appellant was not shown to be the tenant of the apartment where the typewriter was found, the only evidence that he "possessed" the typewriter was his solitary presence, within three feet of the typewriter, while lying down in somebody else's apartment. Mere proximity is not enough to show possession. *Commonwealth v. Tirpak*, 441 Pa. 534, 272 A. 2d 476 (1971) ; *Montoya v. United States*, supra.

Moreover, as we said in our recent decision in *Commonwealth v. Davis*, 444 Pa. 11, 280 A. 2d 119

(1971), quoting from 9 Wigmore on Evidence (3rd ed.) §2513: "Undoubtedly, the fact of possession loses all persuasiveness if persons other than the accused had equal access with him to the place in which the property was discovered."

The Commonwealth now seeks to buttress its case by adding evidence that at the pretrial suppression hearing, an officer testified that a woman who resided on the first floor of the building where appellant and the typewriter were found, told the arresting officer that she had observed appellant carrying the typewriter, and that at trial, the Commonwealth moved to incorporate this testimony by reference. The Commonwealth claims that since appellant made no objection to the motion, he cannot now contend that such evidence was inadmissible hearsay.

The record shows, however, that the trial court did not grant any such motion by the Commonwealth. Instead, when appellant's counsel reminded the prosecuting attorney that such incorporation would be hearsay and that it would be better for the Commonwealth to develop the testimony, the prosecuting attorney agreed. There is no doubt that such testimony about what a third party told the police would be inadmissible hearsay. If the Commonwealth wished to offer proof that a woman had observed appellant carrying the typewriter, it would have to offer the testimony of that woman upon whose capacity for observation it wished to rely.

Judgment of sentence reversed, judgment arrested and appellant discharged.

Mr. Justice EAGEN concurs in the result.

---

CONCURRING AND DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

I would reverse the judgment of sentence and grant a new trial.

CONCURRING OPINION BY MR. JUSTICE POMEROY:

I also would reverse the present conviction, but on different grounds than those indicated in the plurality opinion of Mr. Justice O'BRIEN. The plurality opinion concludes that the Commonwealth failed to prove possession in appellant of the stolen typewriter, and that for this reason it had failed to make out the crimes of burglary and larceny. This, however, is a non-sequitur. Larceny by definition is the taking and carrying away of the personal property of another with the specific intent to deprive the owner permanently of the goods. See *Penn Air v. Indemnity Insurance Co. of N. A.*, 439 Pa. 511, 269 A. 2d 19 (1970), and cases therein cited. Burglary is the entering of a building with intent to commit any felony, including larceny. Act of June 24, 1939, P. L. 872, §901, 18 P.S. 4901. Neither of these crimes includes any element of continuing possession of the stolen property, which might be and often is immediately disposed of. It was the necessary elements of entering, asportation and criminal intent which the Commonwealth failed to prove in this case. The result reached by the Court is, therefore correct.

In this view of the case, the issue of possession becomes academic. If we had to reach it, I would conclude that defendant was in actual possession of the typewriter. *Commonwealth v. Tirpak*, 441 Pa. 534, 272 A. 2d 476 (1971) and *Commonwealth v. Davis*, 444 Pa. 11, 280 A. 2d 119 (1971), relied upon by the majority opinion, are readily distinguishable from the case at bar.

Mr. Justice JONES joins in this opinion.