Commonwealth *v.* Ferguson, Appellant.

328

Argued March 27, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Andrew G. Gay,* for appellant.

*Mark Sendrow,* Assistant District Attorney, with him *David Richman,* Assistant District Attorney, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., December 11, 1974:

Appellant, Columbus Ferguson, was arrested on January 14, 1972, in Philadelphia and charged with illegal possession of heroin.[1] A pre-trial motion to suppress physical evidence seized immediately prior to appellant's arrest was filed and after an evidentiary hearing denied on February 14, 1972. Appellant was then tried in Municipal Court and found guilty as charged. A petition for a writ of certiorari in the Court of Common Pleas was denied on November 29, 1972. This appeal followed. Appellant contends that the physical evidence presented at trial was obtained during an unlawful search and seizure, and, in the alternative, that the evidence was insufficient to support the verdict.

On January 11, 1972, an informer notified a Philadelphia police officer that he had seen heroin in a garage at 2223 West York Street, Philadelphia. For the next two days the garage was placed under close surveillance. During the evenings, when the garage doors were closed and the lights were out in the business portion of the building, fourteen people were seen to enter and leave the garage. On both nights appellant left shortly after twelve and locked the garage doors. On January 14, 1972, a warrant to search the

---

[1] Act of September 26, 1961, P. L. 1664, §4(q), 35 P.S. §780-4(q). Repealed Act of April 14, 1972, P. L. 233, No. 64, §43.

garage was issued by Judge ZAGORSKI of the Philadelphia Municipal Court. When the police officers arrived at the garage to execute the warrant, appellant was leaving in his automobile accompanied by a woman. The police followed, stopped them, showed appellant the warrant, and returned with him to the garage. After appellant had unlocked two locks and chained a German shepherd watchdog to a pole inside, the police conducted a search. They found approximately one hundred business cards with the inscription "Ferguson's Auto Repairs, Transmission Specialist, Tune-up, Motor Work and State Inspection, BA 8-4040, 2223 West York Street, Philadelphia, Pennsylvania". In the supply room in boxes of brake linings they found two bundles of glazed paper packets containing white powder, later analyzed as heroin. An opening in the supply room led to a second level on which two more bundles were found amid windshields and car mufflers. Downstairs they noticed that the back of the water cooler was loosened and found one bundle inside the cooler. Finally, underneath the desk they found a brown paper bag containing two ounces of heroin. In all, one hundred and twenty-one packets and the brown paper bag of heroin were seized.

At the suppression hearing there was testimony that the officer received his information from an informer, but other than that the Commonwealth relied on the face of the warrant. The prosecutor, however, never formally introduced the warrant into evidence. Appellant accordingly claims that there was no evidence about the date of the informer's observation, nor any evidence to show that the officer swore to the facts in the affidavit, that the warrant described the property to be seized, or that Judge ZAGORSKI otherwise had sufficient probable cause to issue the warrant. Since the warrant is not in the record these contentions cannot be properly appraised. We could rule

that the Commonwealth failed to meet its required burden and that appellant is entitled to a new trial. *See Commonwealth v. Bove,* 221 Pa. Superior Ct. 345, 348, 293 A. 2d 67, 68 (1972). The transcript of the suppression hearing indicates, however, that a warrant was given to the court and defense counsel for their inspection. In the interests of justice, therefore, this case will be remanded to the court below to permit the warrant to be formally introduced into the record. At that time the court should also explore appellant's further allegation that there is a discrepancy between the control number given by the police in their testimony and the number that appears on the copy of the warrant given to defense counsel. Thereafter the completed record shall be forwarded to this court for further prosecution and disposition of the appeal.

As has been mentioned, appellant also contends that even with the evidence obtained pursuant to the search warrant there was insufficient evidence to support his conviction. We consider this claim now for if correct it would obviate the need for remand.

In determining whether evidence is sufficient to sustain a conviction, all the evidence must be considered in the light most favorable to the Commonwealth, and the Commonwealth must be given the benefit of all reasonable inferences arising from it. *Commonwealth v. Gladden,* 226 Pa. Superior Ct. 13, 311 A. 2d 711 (1973); *Commonwealth v. Parker,* 221 Pa. Superior Ct. 334, 292 A. 2d 454 (1972). So regarded, the evidence here was sufficient to support appellant's conviction.

Since no heroin was discovered on appellant's person, the prosecution necessarily proceeded on the theory that appellant had constructive possession of the heroin found in the garage.[2] An individual has

---

[2] No matter how close a defendant is to contraband, if it is not on his person he only possesses it constructively. Note, Posses-

constructive possession of an item if he has the power to control and the intent to control the item. *Commonwealth v. Townsend,* 428 Pa. 281, 284, 237 A. 2d 192, 194 (1968); *Commonwealth v. Davis,* 444 Pa. 11, 280 A. 2d 119 (1971). *See also Montoya v. United States,* 402 F. 2d 847 (5th Cir. 1968). Appellant's name was printed on the business cards of the garage, he had keys to the front doors, and he was friendly with the watchdog. These facts allow the reasonable inference that appellant operated the garage. There is no evidence indicating that other persons shared this operation with him. Since heroin was found inside the garage, it may be concluded that appellant had the power to control the heroin.

To prove the intent to control the heroin it had to be demonstrated that appellant knew the heroin was in his garage. *Commonwealth v. Armstead,* 452 Pa. 49, 305 A. 2d 1 (1973). There is no direct evidence to show that appellant did know the heroin was in his garage, but this knowledge can be inferred from the surrounding circumstances. *Commonwealth v. Whitman,* 199 Pa. Superior Ct. 631, 186 A. 2d 632 (1962).

Appellant correctly notes that evidence of his proprietary interest in the garage is not alone sufficient to support an inference that he knew about the heroin. *See Commonwealth v. Schulhoff,* 218 Pa. Superior Ct. 209, 275 A. 2d 835 (1971). In addition, appellant argues that any of the persons seen entering and leaving the garage on January 12th, 13th, and 14th, could have secretly placed the heroin in the garage without appellant's knowledge. He adds that his presence in the garage is not enough to implicate him. *See Commonwealth v. Reece,* 437 Pa. 422, 263 A. 2d 463 (1970).

---

sion of Narcotics in Pennsylvania: Joint Possession, 76 Dick. L. Rev. 499, 506 (1972).

It is true that the fact of possession loses persua·siveness if persons other than the accused had equal access to the place in which the contraband was found. *Commonwealth v. Davis,* 444 Pa. 11, 280 A. 2d 119 (1971) ; *Commonwealth v. Schulhoff,* 218 Pa. Superior Ct. 209, 275 A. 2d 835 (1971). In *Commonwealth v. Fortune,* 456 Pa. 365, 318 A. 2d 327 (1974), the Supreme Court did hold the evidence insufficient to convict the resident of a home of possession even though twenty-one packets of heroin were found on the kitchen floor. When the police entered the house the resident was upstairs. Four people were seated in the living room but they ran out the back when the police appeared. Reversing, the Court said:[3] "We cannot assume that a resident of a home, where guests are present, knows of the full contents of the premises." *Id.* at 369, 318 A. 2d at 329. Possession cases, however, turn on their individual facts, Whitebread and Stevens, Constructive Possession in Narcotics Cases: To Have and To Have Not, 58 Va. L. Rev. 751 (1972) ; and the facts of this case are distinguishable from those of *Fortune.* In *Fortune,* the court emphasized that the contraband was found in a place not normally accessible only to the resident. Here in contrast the heroin was found in a supply room in brake lining boxes, in a loft in the back room, behind the water cooler, and underneath appellant's desk, all places to which appellant as the operator of the garage alone would have access. Thus the facts of this case are closer to those considered in *Commonwealth v. Updegrove,* 223 Pa. Superior Ct. 7, 296 A. 2d 854 (1972). There the facts were as follows. The police entered the apartment of Stephen Artjuch, the only full-time occupant. Defendant Updegrove was permitted to enter

---

[3] POMEROY, J., dissented; JONES, C. J., and NIX, J., did not participate in the decision.

and leave the premises at will. Artjuch was not present when the police arrived, so Updegrove admitted them. Nine marijuana cigarettes were found on the kitchen table and a box of LSD was found lying among Updegrove's personal effects in the bedroom. This court reversed the conviction for possession of marijuana because others could have easily deposited it in the kitchen, but affirmed the conviction for possession of LSD. "Since the LSD was lying among appellant's personal effects, there can be no doubt that the evidence was sufficient to convict the appellant on that count." *Id.* at 10, 296 A. 2d at 855. Thus, the fact that other persons were or had been on the premises, while probative, is not dispositive. If the circumstances indicate that it is just as likely as not that these other persons put the contraband in its discovered place without the defendant's knowledge, the defendant cannot be convicted of possession. If, however, the contraband is found in a place usually only accessible to the defendant, it can be reasonably inferred either that he put it there himself, or if others did, that he knew of its presence.[4] In this case, the heroin was found

---

[4] *Accord, Commonwealth v. Hannan,* 229 Pa. Superior Ct. 540, 331 A. 2d 503 (1974). There a building owned by the defendants was searched and a bag of marijuana was found in a bathroom drawer, while vials of narcotics were found in the master bedroom in a purse and dresser belonging to one of the defendants. Nine persons, including boarders, were present at the time of the search. Four days earlier twenty youths had attended a Christmas party in the house. This court reversed the conviction for the marijuana because the residents, boarders, and party goers had equal access to the bathroom drawer. The conviction for the narcotics in the master bedroom was however upheld. There, as in *Updegrove,* the drugs were found in an area accessible only to the owner, and so the inference of knowledge and control could be made. *See also Commonwealth v. Shaffer,* 447 Pa. 91, 288 A. 2d 727, *cert. denied,* 409 U.S. 867 (1972) ; *Commonwealth v. Jung,* 86 Pa. Superior Ct. 569 (1925).

underneath appellant's own desk and in other places scattered throughout his garage. It is unlikely that a person other than the operator of the garage will fumble through the storeroom, or dismantle the water cooler, let alone put heroin under the garage operator's desk, without the operator's consent or at least without his becoming aware of such actions. Thus, even though there was no direct evidence of possession, it could be reasonably inferred from the circumstances.

Since the evidence therefore established that appellant had the power and the intent to control the heroin, it was sufficient to support his conviction. The issue of the propriety of the search and seizure is therefore critical.

The case is remanded for proceedings consistent with this opinion.