Commonwealth *v.* Wisor, Appellant.

340

Argued March 21, 1974. Before WATKINS, P. J.,
JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT,
and SPAETH, JJ.

*Stephen R. LaHoda,* First Assistant Public Defender, for appellant.

*Stephen B. Harris,* First Assistant District Attorney, with him *Kenneth G. Biehn,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., December 11, 1974:
Appellant was tried and found guilty by a judge sitting without a jury of possession of a controlled substance (Marijuana) in violation of "The Controlled Substance, Drug, Device and Cosmetic Act," April 14, 1972, P.L. 233, No. 64, Section 13, as amended. He was sentenced to pay a fine of $200.00 and the costs of prosecution from which judgment of sentence he takes this direct appeal.

On July 15, 1972, a Middletown Township police officer was patrolling at the rear of a local shopping center. Investigation was made when he observed an apparently unoccupied sedan, music being audible through the car's open windows. A female was found to be present in the car. Shortly thereafter the officer located himself approximately 155 feet from the car and observed it for ten minutes. He observed a number of people arrive at the automobile and depart. At a point in time when the vehicle began to leave, the officer made his presence known and asked for the license and registration of the driver, appellant herein. The

occupants of the car were requested to egress, where-upon the officer found a corn cob pipe with marijuana (later so identified) residue located in the crevice at the rear of the front seat, having become visible when the back of said seat was moved forward for egress. Further investigation yielded other marijuana residue within the car, and a plastic bag containing the substance on the ground approximately five inches from the right-side door. The occupants of the car were arrested.

The trial of the driver-owner of the car, the appellant herein, was held on February 22, 1973. It is clear from the testimony and from the lower court's opinion, subsequently filed, that the trial judge based his finding of guilt on the control which defendant-appellant had over the corn cob pipe. Timely motions in arrest of judgment and for new trial were filed.

The sole question on appeal is whether appellant did exercise sufficient possession and control over the pipe. We are well aware of the plethora of cases which hold that the mere location of illegal matter in proximity to a number of individuals is insufficient to find joint or several possession by such individuals. *Commonwealth v. Townsend*, 428 Pa. 281, 237 A.2d 192 (1968); *Commonwealth v. Davis*, 444 Pa. 11, 280 A.2d 119 (1971); *Commonwealth v. Whitner*, 444 Pa. 556, 281 A.2d 870 (1971); *Commonwealth v. Armstead*, 452 Pa. 49, 305 A.2d 1 (1973). Nor can mere knowledge of the presence of illegal material support a finding of guilt as to possession thereof. *Commonwealth v. Sungenis*, 223 Pa. Superior Ct. 517, 303 A.2d 524 (1973). Analysis of these holdings indicates to us that the Court decided that the factors presented therein, standing alone, did not establish joint or several possession.

The facts in the instant case, however, indicate the coalescence of many factors. Defendant-appellant was the owner of the automobile and as such could exercise all manner of control over the car. His control is fur-

ther indicated by the fact that he occupied the driver's seat, and did begin to drive the car. Because of the small area encompassed by an automobile, any individual therein must be presumed to understand the manifestations of the other occupants' actions and import of the others' conversations. It may be inferred that appellant knew of the presence of the pipe. *Commonwealth v. Whitman,* 199 Pa. Superior Ct. 631, 186 A.2d 632 (1962). The short distance across a car's front seat does not place an article hidden in the crevice behind the passenger's location beyond the sphere of control and the exercise thereof of one sitting in the driver's location. Based on these many facts, we find that appellant had the power of control over the pipe, could have exercised dominion over it, and, by knowing what activity was under way in the auto at the time, is held to the knowledge of the presence of the controlled substance.[1] The fact that the trial judge concluded that appellant could not control the articles of contraband other than the pipe, and that such were as easily in the possession of the other occupants, is not persuasive in light of the substantial testimony as to appellant's ownership and control over the car, his knowledge of what transpired within his car, and his ease of access to the pipe.

In his able opinion in *Commonwealth v. Ferguson,* 231 Pa. Superior Ct. 327, 331 A.2d 856 (1974), Judge SPAETH carefully noted the requirements for finding guilt as to possession. In that case an owner of a garage wherein heroin was found was adjudged guilty of possession because of the unlikelihood that others

---

[1] It would be ludicrous to hold that the law was such that where two or more persons get together and have a "party" with drugs in direct violation of the criminal law no one could be held responsible because the factfinder at the trial could not infer who possessed the drugs even though the owner of the premises was present at the "party".

would secrete the contraband in such out-of-the-way places. We do not infer that the location of the pipe in the instant case was out-of-the-way for others in appellant's car. But we do hold that an owner of a building or automobile who exhibits his control thereover by restricting entry into the building or occupying the driver's seat and driving his car, has sufficient possessory interest in his property, once his knowledge of the presence of the contraband is established or inferred, to support his guilt on a charge of possession of that contraband. Therein is the similarity between this case and *Commonwealth v. Ferguson,* supra, and we believe that the conviction in this case is supportable for like reasons.

Judgment of sentence affirmed.

JACOBS, J., concurs in the result.

HOFFMAN, J., did not participate in the consideration or decision of this case.

———

DISSENTING OPINION BY SPAETH, J.:

I believe appellant is right in saying that the evidence was insufficient to support his conviction of possession of marihuana.[1]

The Commonwealth's principal witness was Officer David H. Wiley of the Middletown Township police force.[2] During the evening of July 15, 1972, Officer Wiley observed a Mercury two-door sedan parked in the rear of the Country Club Shopping Center. The car's windows were open and loud music was coming from within. As the officer approached the car a

———

[1] The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, No. 64, §13(31), as amended Act of Oct. 26, 1972, P.L. 1048, No. 263, §1; 35 P.S. §780-113(a)(31).

[2] Another officer testified, but his testimony was largely cumulative and added nothing of substance. After the two officers had testified, appellant's counsel stated that he would offer no evidence and moved for a directed verdict of not guilty.

young woman sat up. The officer turned on his flashlight and checked the front and back seats and the floor but found nothing suspicious. After exchanging a few words with the young woman, he left but decided to observe the car awhile. He went to police headquarters, picked up a pair of binoculars, and after returning to the shopping center, parked "a distance of approximately one hundred to one hundred and fifty-five feet from the vehicle." During the ten minutes he observed the car, he saw "figures walking to the vehicle at times." Because of poor lighting he could not see the identifying characteristics of these people, not even whether they were male or female. Finally he radioed for assistance and pulled up behind the car. At that time, appellant was sitting behind the wheel and the motor was running. A man was standing outside the car, facing the open window of the right door. There were also five passengers inside. Appellant and the passengers were requested to step out. When the driver's seat was pushed forward to permit exit by those in the back, Officer Wiley saw a corn cob pipe with aluminum foil in the bottom of the bowl. He identified the residue in the bowl as being from marihuana. On the rear floor on the right side was a vial and next to it a cap, both of which the officer concluded contained marihuana. On the ground immediately under the right door the officer found "a cellophane or plastic sandwich type bag," which he concluded also contained marihuana. All of the occupants of the car and the man who had been standing beside it were arrested and taken to police headquarters. The objects found in and near the car were taken to the Bucks County Crime Laboratory where tests confirmed the presence of marihuana.[3]

---

[3] The results of the tests indicated that the pipe contained a burned residue of an unspecified amount, the plastic bag contained

In rendering his verdict the trial judge concluded that he could not find appellant guilty of possessing the marihuana found in the bag or in the vial and cap since the evidence showed that these containers were readily available and accessible to the occupants of the back seat and so could have been in their possession. As for the corn cob pipe, however, the judge reasoned as follows:[4] "[T]he pipe containing marihuana residue[5] was not accessible to or available to anyone in the car so long as the front seat was occupied. It was effectively concealed in a hiding place controlled and possessed by the defendant. Therefore the inference

---

"nineteen (19) grams of green, weed-like material," and the vial contained "twenty-five (25) milligrams of fine green powder."

[4] The following passage is taken from the opinion written by the trial judge on behalf of the court en banc in support of the order denying appellant's post-trial motions.

[5] During oral argument before us the district attorney stated in response to a question from the bench that as he understood the facts the pipe did not contain a sufficient quantity of marihuana to be used. *See* footnote 3, *supra.* This suggests the question whether a person may be convicted of possessing an amount of marihuana so small as to be unusable. As indicated in Comment, Possession and Control of Drugs in Pennsylvania: What is it? 10 Duquesne L. Rev. 476, 482 (1972) : "[T]he principal reason for prohibiting the possession of drugs is that their use is offensive to society because of the deleterious effect they have on the user. Therefore, if the amount of drugs involved is so small that it cannot be used or sold, it cannot cause the harm which gives society the right to penalize its sale or possession. Common sense dictates that an unusable quantity of drugs is not what the legislature intended to prohibit when it outlawed the possession of drugs because of their danger to the user or to society. Accordingly, it is submitted that no possession conviction should be permitted if the amount of the drug involved is not usable." *Cf.* The Controlled Substance, Drug, Device and Cosmetic Act, *supra* §13(a)(31)(i), 35 P.S. §780-113(a)(31)(i), prohibiting "the possession of a small amount of marihuana only for personal use." Appellant, however, has not raised this question; also, its resolution is not in my view necessary to decision here.

must follow that it was in the defendant's possession." The judge emphasized in this regard not only that appellant was seated in the driver's seat but also that he owned the car. The majority of this court has agreed with this analysis; so far as concerns the corn cob pipe, I cannot agree.

Since appellant had no marihuana on his person, the Commonwealth necessarily proceeded on the theory that he had constructive possession of it. One has constructive possession of contraband when one has the power to control the contraband *and* the intent to control it. *Commonwealth v. Townsend,* 428 Pa. 281, 284, 237 A. 2d 192, 194 (1968). *See also Commonwealth v. Davis,* 444 Pa. 11, 280 A. 2d 119 (1971) (equating constructive possession with "conscious control or dominion"); Note, Possession of Narcotics in Pennsylvania: "Joint Possession", 76 Dick. L. Rev. 499 (1972). When Officer Wiley drove up, appellant was seated in the driver's seat of his car and the pipe was under his seat. It may therefore be concluded, as the majority correctly has concluded, that appellant had the power to control the marihuana. My disagreement is only with the majority's conclusion that appellant had the requisite intent to exercise control.

To establish intent to exercise control, the Commonwealth must show that the defendant was aware of the presence of the article that constitutes the contraband. *Commonwealth v. Armstead,* 452 Pa. 49, 305 A. 2d 1 (1973). *See also Commonwealth v. Simpson,* 222 Pa. Superior Ct. 296, 302 n.2, 294 A. 2d 805, 807 n.2 (1972); *Commonwealth v. Schambers,* 105 Pa. Superior Ct. 467, 474, 161 A. 624, 626-27 (1932); Note, Possession of Narcotics in Pennsylvania: "Joint Possession", *supra* at 514-15. To satisfy this requirement, the Commonwealth need not show that the defendant knew that the article was contraband; it need only show that he knew that the article was within the

sphere of his control. *See generally Commonwealth v. Yaple,* 217 Pa. Superior Ct. 232, 273 A. 2d 346 (1970) ; *Commonwealth v. Gorodetsky,* 178 Pa. Superior Ct. 467, 11 A. 2d 760 (1955). Knowledge of the presence of the contraband can be inferred from all the surrounding circumstances. *Cf. Commonwealth v. Whitman,* 199 Pa. Superior Ct. 631, 634, 186 A. 2d 632, 633 (1962).

When (as in this case) there are other persons present at the time possession is alleged to have occurred, it has been held that neither mere presence at the scene, *Commonwealth v. Sungenis,* 223 Pa. Superior Ct. 517, 303 A. 2d 524 (1973), nor proximity to the contraband, *Commonwealth v. Whitner,* 444 Pa. 556, 281 A. 2d 870 (1971), nor a proprietary interest in the place where the contraband is found, *Commonwealth v. Schulhoff,* 218 Pa. Superior Ct. 209, 275 A. 2d 835 (1971), will suffice to establish constructive possession. Further evidence linking the defendant to the contraband, *e.g.,* proof that he had exclusive access to and control over the area where the contraband was found, is required. *See* Whitebread & Stevens, Constructive Possession in Narcotics Cases: To Have and Have Not, 58 Va. L. Rev. 751, 767-771 (1972). *See also* Annot., 56 A.L.R. 3d 948 (1974) (enumerating additional factors, such as suspicious behavior or incriminating statements by the defendant). Were this not so, a person could be held liable for possession of drugs, not because he had the power of control over them or intended to exercise such control, but because he happened to be or chose to be present in a place where drugs were.

The majority argues that since appellant was the owner of the car and was seated in the driver's seat it can be inferred that he knew the pipe was under the seat and consequently intended to control it.

The majority's emphasis on appellant's ownership of the car is misplaced. The fact of ownership does

not support the inference that appellant knew the pipe was under the seat. The facts presented here are like those in *Commonwealth v. Fortune,* 456 Pa. 365, 318 A. 2d 327 (1974). There, the Supreme Court found the evidence insufficient to convict the resident of a house of possession of drugs found on her kitchen floor, "not in a place normally accessible only to a resident of a home." *Id.* at 369, 318 A. 2d at 329. When the police entered the house the resident was upstairs. Three men and a woman were in the living room. Upon seeing the police approach they fled through the kitchen and out the back door. Reversing, the court, per MANDERINO, J., said: "There is no evidence that the appellant had any knowledge of the presence of the drugs in her home prior to the arrival of the police. The appellant's residency in the home does not establish any such knowledge. We cannot assume that a resident of a home, where guests are present, knows of the full contents of the premises." *Id.* at 369, 318 A. 2d at 329. So here we cannot assume that appellant as owner and driver of the car knew its full contents, when it appears as in *Fortune* that some of the contents might have been hidden by his guests.

The majority seeks support for its analysis in *Commonwealth v. Ferguson,* 231 Pa. Superior Ct. 327, 331 A. 2d 856 (1974). That case, however, clearly distinguished *Fortune* and similarly is readily distinguishable from this case. In *Ferguson,* the police searched a garage operated exclusively by the defendant. Heroin was found hidden in a supply room in boxes of brake linings, in the back of the water cooler, under the defendant's desk, and on a second level loft amid windshields and car mufflers. These were areas in the exclusive control of the defendant. We carefully explained there that the defendant's ownership of the garage was not by itself sufficient to demonstrate knowledge. Only when his ownership was coupled

with his exclusive control of the hiding places was the inference of knowledge warranted. The determinative fact in *Ferguson* was therefore not ownership but exclusive control.

Here, appellant did not have exclusive control of the area underneath the driver's seat. The presence of other persons in the car made this impossible. It therefore cannot be inferred from the seating arrangement in the car that appellant knew the pipe was there. Consequently, neither can it be inferred that he intended to exercise control over it. "Undoubtedly, the fact of possession loses all persuasiveness if persons other than the accused had equal access with him to the place in which the property was discovered." *Commonwealth v. Davis, supra* at 16, 280 A. 2d at 121. There is no evidence that appellant placed the pipe under the seat, or that he had even handled or used it. It is possible that the pipe was placed there by one of the persons who was in and out of the car while Office Wiley was watching it. It will be recalled that the officer could not say even whether these persons were male or female, much less just what they were doing. It may be that one of the persons in the back seat put the pipe in the crevice of the driver's seat as he climbed in the car and then pulled the seat back. This may have occurred as the officer pulled up behind the car. In that event the pipe would not even have been visible when appellant entered the car. If the officer had not found the pipe, the person who had hidden it in the crevice could easily have retrieved it later, on his way out of the back seat. Thus this is not a case where a defendant, accused of constructively possessing drugs while others were present, had exclusive access to or control over the area where the drugs were found. To the contrary, here the other persons did have access to the area where the drugs were found; and this access was not precluded merely because appellant was seated in the driver's seat.

The majority argues that appellant's presence in the car was sufficient to give him exclusive control and knowledge of its complete contents. They state: "Because of the small area encompassed by an automobile, any individual therein must be presumed to understand the manifestations of the other occupants' actions and import of the others' conversations. It may be inferred that appellant knew of the pipe." This analysis, however, is at odds with clear Supreme Court precedent. The majority cites *Commonwealth v. Whitman, supra,* to support its proposition. There, the police searched a car occupied by three persons. The appellant was one of the passengers. Two revolvers were found under the front seat, burglar tools were found in the trunk, and a pair of burglar gloves were found on appellant's person. The court sustained the appellant's conviction for possession of burglar tools. It did so, however, only after making two crucial findings. One, the men were engaged in a joint venture. Two, appellant possessed the burglar gloves. From these circumstances the court inferred knowledge of the other burglar tools. Appellant's presence in the car was therefore not the critical fact. *Whitman* consequently cannot be precedent for the rule that mere presence in a car allows the inference of knowledge of all its contents. In *Commonwealth v. Townsend, supra,* police officers observed an automobile about one car length in front of them stop to discharge one of its passengers. As the occupant stepped out a weapon fell to the ground. When the police rushed to investigate, they found the driver and the appellant seated inside. A search revealed a second gun under the front seat on the passenger side. The Supreme Court there held the evidence insufficient to sustain the appellant's conviction for possession of a firearm without a license. The appellant conceded and the Supreme Court agreed that appellant had

the power to control the gun. The court, however, held that his presence in the car with the weapons did not warrant the inference that he had knowledge of the weapons. "Townsend's [conviction was based] upon his presence in an automobile containing weapons. We thus must reverse." *Id.* at 287, 237 A. 2d at 195. In the present case, therefore, it is clear that even given the "small area encompassed by an automobile", appellant cannot be presumed to know all the passengers' actions, nor can it be inferred that he had knowledge of the contents of the car.

In sum: There is no evidence that appellant knew the corn cob pipe was hidden beneath his seat. He did not have exclusive control over the contents of the car. Consequently, it cannot be inferred that he had the intent to control the marihuana, and he should not have been found guilty of its constructive possession.

There is one further consideration. Both at trial and on this appeal the Commonwealth has suggested that a "host of the party" doctrine be applied in possession cases as this. Under the Commonwealth's proposal the owner of a residence or vehicle might be found guilty if he is aware that drugs are present on his property and impliedly consents to their being there. Thus, contends the Commonwealth, although the guests would escape because possession could not be attributed to them either individually or jointly, the host would be criminally liable. Were we to adopt this proposal, it could not be relied on in this case since appellant's knowledge of the presence of the pipe has not been shown. Apart from this, however, the proposal is objectionable and we should repudiate it. Unhappily, the majority opinion, especially in its footnote 1, seems to accept it. To do so makes possession a crime of vicarious liability. If the General Assembly wanted to "punish a property owner for tolerating the presence of drugs within an area within his proprietary

interest", Whitebread & Stevens, *supra* at 764, it should have said so. *See* Annot., 54 A.L.R. 3d 1297 (1973).