Commonwealth *v.* Chenet, Appellant.

228

Argued April 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John Alan Havey*, for appellant.

No appearance entered nor brief submitted for Commonwealth, appellee.

OPINION BY JACOBS, J., December 1, 1975:

The appellant, Richard P. Chenet, was charged with possession of marijuana and was convicted by a jury. He subsequently filed a motion for a new trial alleging trial errors and a motion in arrest of judgment arguing that the evidence was insufficient to sustain the verdict. The court granted the motion for a new trial because of improper comments made by the prosecutor; but refused the motion in arrest of judgment. The defendant has appealed from the refusal of the arrest of judgment.[1]

---

1. We were initially concerned about the appealability of this order. We are of the opinion, however, that we can and should reach

The facts reveal that deputy sheriffs in Beaver County received information from a confidential informant that the appellant had a large quantity of marijuana in his trailer located in a trailer camp in Raccoon Township. Using this information the sheriffs obtained a search warrant.[2] The sheriffs then proceeded to the trailer to execute the warrant. Upon arriving, the sheriffs found no one present and waited until the return of appellant's roommate at which time they proceeded to search the dwelling. They found a small quantity of marijuana seeds on the kitchen floor, a bag containing marijuana residue in a trash barrel in the trailer and four marijuana cigarette butts in the living room. In a metal milk box sitting on the trailer hitch outside the trailer the sheriffs found four bags each containing 20 grams of marijuana.

The sheriffs then waited for the appellant to return. Several hours later the appellant drove up alone in a sports car belonging to his attorney. Appellant was placed under arrest. The sheriffs thereafter obtained another warrant to search the car, and the subsequent search revealed two marijuana cigarettes in the unlocked compartment between the two front seats.

"In passing upon such a motion [in arrest of judgment], the sufficiency of the evidence must be evaluated upon the *entire trial record*. All of the evidence must be read in the light most favorable to the Commonwealth and it is entitled to all reasonable inferences arising

---

the merits. *See Commonwealth v. Gabor*, 209 Pa. 201, 58 A. 278 (1904) ; *Commonwealth v. Fox*, 181 Pa. Superior Ct. 292, 124 A.2d 628 (1956) ; ABA Standards, *Criminal Appeals* §1.4 at 33 (Approved Draft, 1970).

2. The warrant was obtained several days before the four corners rule became effective, Pa.R.Crim.P. 2003; thus, testimony was admitted at the suppression hearing to establish the probable cause. This testimony was clearly sufficient to satisfy the *Aguilar-Spinelli* test. [*Aguilar v. Texas*, 378 U.S. 108 (1964) and *Spinelli v. United States*, 393 U.S. 410 (1969).]

therefrom. The effect of such a motion is to admit all the facts which the Commonwealth's evidence tends to prove." *Commonwealth v. Ingram,* 440 Pa. 239, 249, 270 A.2d 190, 195 (1970), *quoting Commonwealth v. Winebrenner,* 439 Pa. 73, 77-78, 265 A.2d 108, 111 (1970) (emphasis original).

Because the marijuana was not found on the person of appellant, constructive possession must be established by the Commonwealth. *Commonwealth v. Samuels,* 235 Pa. Superior Ct. 192, 203, 340 A.2d 880, 886 (1975). Also there was evidence that while appellant rented the trailer, he shared its occupancy with another individual. Under these circumstances we must recognize that "the fact of possession loses persuasiveness if persons other than the accused had equal access to the place in which the contraband was found." *Commonwealth v. Ferguson,* 231 Pa. Superior Ct. 327, 333, 331 A.2d 856, 860 (1974). When, as in the present case, another individual has equal access to the area where the drugs are found, the Commonwealth may obtain a conviction if it can prove joint constructive possession. *See Commonwealth v. Carter,* 230 Pa. Superior Ct. 236, 326 A.2d 480 (1974); *Commonwealth v. Walley,* 225 Pa. Superior Ct. 465, 310 A.2d 381, *allocatur refused,* 225 Pa. Superior Ct. *xlii* (1973). To establish joint constructive possession the Commonwealth must show that the appellant had knowledge of the presence of the drugs and the intent to exercise control over them and these elements may be inferred from the totality of the surrounding circumstances. *Commonwealth v. Griffin,* 230 Pa. Superior Ct. 425, 326 A.2d 554 (1974).

Although a defendant's presence in the area where the drugs are found is usually held to be sufficient to demonstrate his knowledge of the drugs, other circumstances are necessary to link the defendant with the drugs in order to obtain a conviction for possession. *See Commonwealth v. Ambers,* 225 Pa. Superior Ct. 381, 310

A.2d 347 (1973). In *Commonwealth v. Ambers*, supra, this Court found the defendant's being under the influence of heroin to be an additional circumstance along with his presence at the scene to connect him with possession of the drugs. In *Commonwealth v. Carter*, supra, defendant's attempt to enter a room where the drugs were found after his co-defendant had shouted to "get rid of the stuff" was considered a sufficient circumstance to find the defendant guilty of possession. In *Commonwealth v. Walley*, supra, the evidence established a concert of action among the defendants by their movements into an apartment where a sizeable supply of heroin was located. In addition, the appellant in *Walley* had a large sum of money on his person. Similarly in *Commonwealth v. Wisor*, 231 Pa. Superior Ct. 339, 331 A.2d 861 (1974), we found the evidence sufficient to convict the defendant of possession where a pipe with a residue of marijuana was found in the crevice at the rear of the front seat of a car owned and operated by the defendant in spite of the fact that the car was occupied by several other persons. *See also Commonwealth v. Griffin*, supra, (conviction affirmed where drugs found in trunk of car owned and operated by defendant although there was another passenger in the car at the time).

In the present case marijuana was found in the ashtray and trash barrel in the living room of the trailer shared by appellant and his roommate. Marijuana seeds were also found on the kitchen floor and a sizeable amount of marijuana was found in the milk box attached to the trailer post. There was no evidence of any other persons living in the trailer besides appellant and his roommate. *See Commonwealth v. Hannan*, 229 Pa. Superior Ct. 540, 331 A.2d 503 (1974). Nor was there evidence that some visitor may have left the marijuana in the trailer. "If, . . ., the contraband is found in a place usually only accessible to the defendant, it can be reasonably inferred either that he put it there himself, or if

others did, that he knew of its presence." *Commonwealth v. Ferguson,* supra at 334, 331 A.2d at 860. We find that the evidence was sufficient for the jury to infer that appellant was aware of the presence of marijuana in the trailer.

We believe that there is an additional circumstance involved in this case which permits the drawing of the inference that appellant had the corresponding intent to exercise control over the drugs found in the trailer. Returning to the facts of the instant case, we observe that after the search of the trailer was conducted appellant arrived in a sports car that was owned by his attorney. A search of that car revealed the presence of two marijuana cigarettes in the console compartment between the two front seats. Our Court has recently upheld a sufficiency of the evidence challenge in a case where a bag of heroin was found on the floor of the driver's side of a car and the defendant was the driver and sole occupant of a car but apparently not the owner. *Commonwealth v. Wright,* 234 Pa. Superior Ct. 83, 339 A.2d 103 (1975). Even if we were to view the marijuana found in the car as insufficient standing alone to show possession, we feel that when this evidence is considered in conjunction with the quantity of marijuana found in and around the trailer it presents the additional circumstance that would justify the inference that appellant had the intent to exercise control over the drugs in the trailer. Especially appropriate to this case is the following quotation from *Commonwealth v. Gladden,* 226 Pa. Superior Ct. 13, 18, 311 A.2d 711, 713 (1973): "Individually, the circumstances may not be of decisive import. But in combination, we believe, they would justify a deduction by a trier of facts that the [defendant] was aware of the items in question."

Where illegal drugs are found not only in appellant's residence but also in the car in which he was the sole occupant, we rule that the circumstances are sufficient

to permit the jury to draw the inference that appellant had knowledge of the drugs and the intent to control them.

Order affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

Appellant was found guilty by a jury of possession of marijuana.[1] Motions in arrest of judgment and for a new trial were argued before the court below en banc. The court granted the motion for a new trial on the basis of improper prosecutorial comment during closing argument, but denied the motion in arrest of judgment. This appeal was taken from the denial of the motion in arrest of judgment.

The circumstances leading to appellant's arrest and conviction are these. On May 19, 1973, a search warrant was issued for a trailer jointly occupied by appellant and his roommate. At approximately ten o'clock p.m., three deputy sheriffs arrived at the trailer park and waited to execute the warrant for twenty minutes until appellant's roommate returned with a female companion. The warrant was served and the ensuing search produced a small quantity of marijuana seeds on the floor of the kitchen, several marijuana cigarette butts in an ash tray in the living room, and a clear plastic bag with marijuana residue in a wooden nail keg in the living room. The sheriff's deputies extended their search outside the trailer and found four plastic bags containing a total of eighty grams of marijuana. The four bags were found in a metal milk delivery box attached to the trailer hitch. The search was concluded at approximately eleven-thirty p.m.

---

1. Uniform Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, No. 64, §13; as amended October 26, 1972, P.L. 1048, No. 263, §1; 35 P.S. §780-113(a)(16). Amended subsequent to the arrest, Dec. 30, 1974, P.L. 1041, No. 340, §1.

The deputies waited until appellant returned home at approximately one-fifteen in the morning. Appellant was placed under arrest, and the deputies asked for permission to search the car which appellant had been driving. Permission was refused, so a second search warrant was obtained while the car and appellant remained in the custody of a deputy. There were two complete searches of the car. The first search of the car produced nothing, but a second search revealed two marijuana cigarettes in the bottom of a closed console between the two front seats underneath miscellaneous papers and maps. It later developed that the car did not belong to appellant, but rather to his attorney. Appellant had picked up the car earlier in the evening in order to perform certain repairs. All of the above contraband was introduced at appellant's trial over proper and timely objection by appellant's attorney. Neither appellant's attorney nor appellant's roommate was ever charged with possession of these items of contraband.

Appellant now contends that the court *en banc* erred in denying his motion for arrest of judgment because: 1) there was insufficient proof to sustain a conviction of possession of the marijuana found in and about the trailer; 2) there was insufficient proof to sustain a conviction for possession of the marijuana found in the automobile which he was driving; and 3) the warrants were issued without probable cause and the items seized were improperly admitted, as fruits of an unlawful search. Because I believe that this case is controlled by *Commonwealth v. Tirpak*, 441 Pa. 534, 272 A.2d 476 (1971), and later cases following *Tirpak*, I find it unnecessary to reach appellant's search and seizure claims.

In its present posture, the case presents the threshold question of the appealability of an order of the lower court denying arrest of judgment, but granting a new trial. It is well-settled that ordinarily a defendant charged with a crime does not have the right of appeal before

his trial and conviction nor thereafter until final judgment and sentence. *Commonwealth v. O'Brien,* 389 Pa. 109, 132 A. 2d 265 (1957) ; *Commonwealth v. Rucco,* 229 Pa. Superior Ct. 247, 324 A. 2d 388 (1974). However, extraordinary circumstances "requiring the safeguarding of basic human rights" may justify the relaxation of this rule. See *Commonwealth v. Kilgallen,* 379 Pa. 315, 108 A. 2d 780 (1954) ; *Commonwealth v. Trunk,* 311 Pa. 555, 167 A. 333 (1933) ; *Commonwealth v. Fudeman,* 186 Pa. Superior Ct. 547, 556, 142 A. 2d 473, 477 (1958) (WATKINS, J., dissenting) ; *Commonwealth v. Fox,* 181 Pa. Superior Ct. 292, 124 A. 2d 628 (1956). This case presents such special circumstances. To require appellant to stand trial again, if the already completed trial demonstrates his innocence, is a needless hardship. If an evaluation of the record reveals that the Commonwealth's evidence is insufficient to sustain the verdict of guilty, then the appeal should be allowed. In such a case, this Court has the power to discharge the appellant. Cf., *Commonwealth v. Schulhoff,* 218 Pa. Superior Ct. 209, 275 A. 2d 835 (1971). If the appellate court finds that the evidence is sufficient, then the appeal should be quashed.[2] Accord, *Commonwealth v. Wright,* 383 Pa. 532, 119 A. 2d 492 (1956) ; ABA Standards, *Criminal Appeals* §1.3, comment d.

---

2. ABA Standards, *Criminal Appeals,* §1.3(b) states: "In general, a defendant should not be permitted to take an appeal until a final judgment adverse to him has been entered in the trial court.... (ii) A defendant should be permitted to seek appellate review of an order granting a new trial, where the defendant claims that the proper trial court disposition would have been a final judgment in his favor." Comment d to this section suggests that the proper disposition of such a case by the appellate court should be either to reverse the trial court and discharge the appellant or to quash the appeal. Thus, the comment suggests, the competing interests of judicial economy and expeditious disposition of criminal appeals are jointly served.

236

In reviewing the sufficiency of the evidence after a verdict of guilty, this Court must accept as true, "all of the evidence, direct or circumstantial, and all *reasonable* inferences arising from the evidence, upon which the trier of facts could properly have based the verdict. *Commonwealth v. Fortune,* 456 Pa. 365, 367, 318 A. 2d 327, 328 (1974)." *Commonwealth v. Griffin,* 230 Pa. Superior Ct. 425, 427, 326 A. 2d 554, 556 (1974). In the instant case, the Commonwealth must prove joint constructive possession in order to sustain the verdict of the jury. *Commonwealth v. Townsend,* 428 Pa. 281, 237 A. 2d 192 (1968); *Commonwealth v. Griffin,* supra. To establish joint constructive possession, two elements must be established: the power of control and the intent to exercise that control. *Commonwealth v. Townsend,* supra; *Commonwealth v. Griffin,* supra. Equal access by others to the places where contraband is found tends to negate the essential element of possession: "When the illegal possession of contraband is charged, the evidence must establish that appellant had a conscious dominion over the contraband. *Commonwealth v. Davis,* 444 Pa. 11, 280 A. 2d 119 (1971). The illegal possession of narcotic drugs is a crime which 'by its very nature is unique to the individual. By definition, the possessor is the only person who could commit this crime. Guilt by association . . . is unacceptable.' *Commonwealth v. Reece,* 437 Pa. 422, 427, 263 A. 2d 463, 466 (1970). See also *Commonwealth v. Tirpak,* 441 Pa. 534, 272 A. 2d 476 (1971). The presence of one person in a group of people at the scene 'is not of critical import in drug possession cases.' *Commonwealth v. Reece,* 437 Pa. 422, 427, 263 A. 2d 463, 466 (1970). See also *Commonwealth v. Tirpak,* 441 Pa. 534, 272 A. 2d 476 (1971). '[T]he fact of possession loses all persuasiveness if persons other than the accused had equal access . . . to the place in which the property was discovered. . . .' *Commonwealth v. Davis,* 444 Pa. 11, 16, 280 A. 2d 119, 121 (1971), *quoting* 9 Wigmore, Evidence

§2513 (3d ed. 1940). When the crime charged is the illegal possession of narcotic drugs, the presence of a person at the scene, without a consideration of the totality of the circumstances, does not prove the crime." *Commonwealth v. Fortune,* supra at 268-269, 318 A.2d at 329.

The location of the contraband, which was the subject of this prosecution, is not disputed. Marijuana was found on the floor of the kitchen, in the livingroom in two places, in a milkbox outside the trailer, and in the console of an automobile driven by the appellant. The trailer was jointly occupied by the appellant and his roommate, and each had equal access to those parts of the trailer where the contraband was found. In fact, the bulk of the marijuana was found outside the trailer in a place accessible to countless persons other than the appellant. When these items were seized, only appellant's roommate and his guest were present. No circumstances suggest that appellant was actually in possession of the marijuana.

In *Commonwealth v. Schulhoff,* supra, all of the co-tenants were actually at home when contraband was seized, but all were in rooms roughly equidistant from the livingroom where the contraband was found. If this Court held such evidence insufficient, it is constrained to find the evidence insufficient where the co-tenant is completely absent when the premises are raided and the contraband is found in the common areas. The Commonwealth introduced no other evidence which would suggest that the marijuana was in the actual or constructive possession of the appellant.

The evidence of possession in respect to the marijuana seized from the car is even weaker. The sheriff's deputies unequivocally stated that the marijuana was found in a closed console. The car did not belong to the appellant. The car was picked up from its owner just prior to its seizure and search. A search of the console initially

produced no contraband. It was not until a second search of the car was conducted that two cigarettes were discovered amongst various maps and papers. The Commonwealth's evidence clearly leaves a reasonable doubt that appellant exercised conscious dominion over the contraband. From these facts, conscious dominion, an essential element of the crime of possession, can only be conjectured.

Viewing the evidence adduced at trial in the light most favorable to the Commonwealth, the evidence and its inferences cannot be said to establish guilt beyond a reasonable doubt. I would, therefore, order that the motion in arrest of judgment be granted and order that appellant be discharged.

CERCONE and SPAETH, JJ., join in this opinion.