466 A.2d 674

COMMONWEALTH of Pennsylvania

v.

Juan Ortiz DIAZ, Appellant.

Superior Court of Pennsylvania.

Submitted March 3, 1983.

Filed Oct. 7, 1983.

William F. Ochs, Jr., Public Defender, Reading, for appellant.

Charles M. Guthrie, Jr., First Assistant District Attorney, Reading, for Commonwealth, appellee.

Before CAVANAUGH, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

If, during a routine search of a closed but unlocked prison cell, a plastic bag containing 64 marijuana cigarettes falls from items of clothing in the cell, is the sole occupant of the cell properly convicted of violating the statute making it a criminal offense to possess marijuana? Correctional officers conducting the search testified that the package of marijuana cigarettes had fallen from a shirt or jacket hanging in the cell. Juan Ortiz Diaz, the occupant of the cell, who was present at the time of the search, said that the cigarettes had fallen from items of dirty clothing in his laundry bag. This evidence was submitted to a jury which found Diaz guilty of possessing marijuana. A motion in arrest of judgment was denied, sentence was imposed, and this appeal followed. We affirm.

The test for determining the sufficiency of the evidence is whether, having viewed the evidence in the light most favorable to the Commonwealth and having drawn all reasonable inferences favorable to the Commonwealth, the jury could logically have found beyond a reasonable doubt that appellant had marijuana in his possession. See: *Commonwealth v. Giles*, 500 Pa. 413, 415, 456 A.2d 1356, 1357 (1983); *Commonwealth v. Bachert*, 499 Pa. 398, 402, 453 A.2d 931, 933 (1982); *Commonwealth v. Darden*, 311 Pa. Super. 170, 172, 457 A.2d 549, 550 (1983); *Commonwealth v. Grabowski*, 306 Pa.Super. 483, 486–87, 452 A.2d 827, 829 (1982).

This standard of review means what it says. The evidence and the reasonable inferences therefrom must be viewed in the light most favorable to the verdict winner, in this case the Commonwealth. Where there is only one occupant of a prison cell, and a package of marijuana cigarettes is found in the cell among articles of the occupant's clothing, it is reasonable to infer therefrom that the occupant knew of the marijuana and had the power and intent to exercise control of the marijuana.

It is well settled that an inference of conscious dominion can be drawn from facts showing that the contraband was

found in a place normally accessible only to the accused. *Commonwealth v. DeCampli,* 243 Pa.Super. 69, 75, 364 A.2d 454, 456–457 (1976). See also: *Commonwealth v. Stamps,* 493 Pa. 530, 427 A.2d 141 (1981) (accused was sole tenant of apartment); *Commonwealth v. Minoske,* 295 Pa.Super. 192, 441 A.2d 414 (1982) (bottom of accused's bedroom closet in room he occupied alone deemed normally accessible to him alone); *Commonwealth v. Thompson,* 286 Pa.Super. 31, 428 A.2d 223 (1981) (contraband in prison cell wedged into cross-piece of table near appellant's bunk); *Commonwealth v. Cubler,* 236 Pa.Super. 614, 346 A.2d 814 (1975) (accused was sole lessee of house). However, the inference loses its persuasiveness if the contraband is found in a place where others have equal access with the accused. *Commonwealth v. Stamps, supra,* 493 Pa. at 538, 427 A.2d at 145; *Commonwealth v. Fortune,* 456 Pa. 365, 369, 318 A.2d 327, 329 (1974); *Commonwealth v. Ferguson,* 231 Pa.Super. 327, 333, 331 A.2d 856, 860 (1974). See also: *Commonwealth v. Chenet,* 473 Pa. 181, 373 A.2d 1107 (1977); *Commonwealth v. Davis,* 444 Pa. 11, 280 A.2d 119 (1971); *Commonwealth v. Macolino,* 302 Pa.Super. 96, 448 A.2d 543 (1982); *Commonwealth v. Hannan,* 229 Pa.Super. 540, 331 A.2d 503 (1974).

In the instant case, the question is a close one because a prison cell, by its very nature, does not permit the occupant to have exclusive control thereof. *Commonwealth v. Crowley,* 259 Pa.Super. 204, 209, 393 A.2d 789, 791 (1978). However, the contraband in this case was not merely in the cell but either inside or among items of the occupant's personal clothing. At the time when the search was made, the door of the cell was closed but unlocked, and the cell was unoccupied. Appellant had been summoned and was present when the marijuana was found. The evidence did not disclose that other prisoners had reason to enter appellant's cell or that other prisoners had in fact done so. Appellant argues that an inference of control can not properly be drawn because the search was made during an hour of "free time" when cell doors were unlocked and prisoners

were permitted to congregate in the corridor of the prison. Any prisoner, he suggests, could have entered his cell and placed the marijuana there. This argument was properly for the jury, whose duty it was to weigh the credibility of the witnesses and the weight of the evidence. The fact that the cell door was unlocked and had been unlocked for about an hour before the search was a relevant fact to be considered. As we have previously observed, however, the evidence did not disclose that anyone other than appellant had in fact been in his cell; and this fact the jury could also consider.

It is the absence of other persons which distinguishes the instant case from *Commonwealth v. Burkley*, 297 Pa.Super. 400, 443 A.2d 1182 (1982). In that case a sharpened screwdriver was found concealed in a mattress in a cell occupied solely by the appellant. Evidence disclosed that the cell had been generally left unlocked and unattended during the day and that other inmates regularly had entered the cell to watch television and also to clean the area and collect laundry. A panel of this court found the evidence sufficient to show that appellant had "control" of the screwdriver but insufficient to show that he had "conscious dominion" over it. In the instant case, the cell door was closed but had been left unlocked during approximately an hour of "free time". However, there was no evidence whatsoever that anyone other than appellant had in fact entered the cell or had access to appellant's personal clothing during that period.

Constructive possession may properly be inferred from the totality of the circumstances of a case. *Commonwealth v. Ferguson, supra.* Control and intent to control may be inferred from evidence that the accused is the sole occupant of a place in which contraband is found among personal effects peculiarly within the control of the accused. *Commonwealth v. DeCampli, supra.*

The judgment of sentence is affirmed.

HOFFMAN, J., filed a dissenting opinion.

HOFFMAN, Judge, dissenting:

"Absent literal possession, the Commonwealth may sustain its burden by showing constructive possession, which requires the Commonwealth prove that the accused had the power to control the contraband and the intent to exercise that control." *Commonwealth v. DeCampli*, 243 Pa.Superior Ct. 69, 74, 364 A.2d 454, 456 (1976). Here, because the Commonwealth has utterly failed to show that appellant either knew of or in any way intended to exercise control of the contraband, I must dissent.

The contraband was found in clothes near appellant's unlocked cell door. "In view of the fact that it is admitted that prison garb is standard and bears no separately identifiable marks, there is no direct evidence that in fact the clothes belonged to [appellant]." Lower Ct.Op. at 2. Moreover, appellant had been away from the cell during the "free time" immediately prior to the search and the cell had remained unlocked and unattended. The Commonwealth's evidence thus proved that marijuana was found in unidentified clothes near the door of appellant's unlocked and unattended cell during a time when other prisoners were free to walk about the cell block. Contrary to the majority, I find that insufficient to establish appellant's conscious dominion over the contraband and, accordingly, I dissent.