580 A.2d 865

**COMMONWEALTH of Pennsylvania**

v.

**Esnelda FROMETA, Appellant.**

Superior Court of Pennsylvania.

Submitted March 6, 1990.

Filed Sept. 24, 1990.

Thomas A. Thornton, Harrisburg, for appellant.

Julia A. Feld, Asst. Dist. Atty., Harrisburg, for Com., appellee.

Before WIEAND, TAMILIA and POPOVICH, JJ.

WIEAND, Judge:

Esnelda Frometa was tried non-jury and was found guilty of possession of cocaine with intent to deliver, unlawful possession of drug paraphernalia, and obliterating marks of identification on a firearm. Post-trial motions were denied, and Frometa was sentenced to serve concurrent terms of imprisonment of not less than one (1) year nor more than three (3) years for possession with intent to deliver, not less than one (1) year nor more than two (2) years for obliterating marks of identification on a firearm, and not less than six (6) months nor more than twelve (12) months for unlawful possession of drug paraphernalia. On direct appeal from the judgment of sentence, Frometa contends that the evidence was insufficient to sustain the verdict and that physical evidence seized from the basement of her apartment building should have been suppressed.

In reviewing a challenge to the sufficiency of the evidence, we view all the evidence, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, which has won the verdict, and determine whether it was sufficient in law to permit a jury to find that each element of the offense charged was proved beyond a reasonable doubt. See: *Commonwealth v. Hardcastle*, 519 Pa. 236, 546 A.2d 1101 (1988); *Commonwealth v. Jackson*, 506 Pa. 469, 485 A.2d 1102 (1984); *Commonwealth v. Brady* 385 Pa.Super. 279, 560 A.2d 802 (1989).

The evidence in this case was that as a result of a controlled buy of heroin in which appellant participated on May 19, 1988, police were able to obtain a search warrant for her apartment. The premises to be searched were described in the warrant as follows:

2010 North Fourth Street, Harrisburg, PA, Apts. 1 and 3 located on the first floor rear and first floor north side of the building .... and surrounding curtilage.

The warrant was executed later the same day. Inside the rear apartment, police found appellant and another person. A search of the apartments described in the warrant, however, yielded neither controlled substances nor drug paraphernalia. A search of appellant's person also yielded no drugs. However, police removed from her pocket a key ring with four keys,[1] one of which unlocked a door leading to the basement of the building. This doorway was in a common hallway and exterior to the apartments to be searched. When police entered and searched the basement they found hidden in the insulation around the water heater, a plastic bag containing cocaine and also a handgun from which the serial number had been obliterated. In a cut-out portion of the wall along the side of the basement stairs, police found lactose, a cutting agent for cocaine, as well as a grinder and sifter.

The evidence did not establish whether the basement was a part of the premises leased to appellant. It also did not show that appellant's access to the basement was exclusive and not shared with tenants of the seven other apartments in the building.[2] There was evidence, however, that on three occasions within the preceding six months, search warrants had been executed in drug related investigations for second and third floor apartments in the same building.

"When drugs are not found on the defendant's person, the Commonwealth is required to prove constructive possession." *Commonwealth v. Bruner*, 388 Pa.Super. 82, 98, 564 A.2d 1277, 1284 (1989). See also: *Commonwealth v. Samuels*, 235 Pa.Super. 192, 204–205, 340 A.2d 880, 886 (1975). "Constructive possession has been defined as the

1. Police also found and removed from appellant's person the sum of six hundred ($600.00) dollars, including one bill which had been marked for purposes of the earlier controlled buy of heroin.

2. Because of the absence of evidence to the contrary, the trial court, in deciding appellant's motion in arrest of judgment, deemed the basement accessible to all tenants in the building.

ability to exercise a conscious dominion over the illegal substance: the power to control the contraband and the intent to exercise that control." *Commonwealth v. Macolino*, 503 Pa. 201, 206, 469 A.2d 132, 134 (1983). Constructive possession may be inferred from the totality of the circumstances. *Commonwealth v. Fortune*, 456 Pa. 365, 369, 318 A.2d 327, 329 (1974). "[A]n inference of conscious dominion can be drawn from facts showing that the contraband was found in a place normally accessible only to the accused. . . . However, the inference loses its persuasiveness if the contraband is found in a place where others have equal access with the accused." *Commonwealth v. Diaz*, 319 Pa.Super. 538, 539–540, 466 A.2d 674, 675 (1983) (citations omitted).

Although appellant's possession of the basement key evidences that she had power to control contraband found in the basement of the apartment building in which she was a tenant, there is no evidence that she exercised conscious dominion over any of the items which police found in the basement. Indeed, there is no evidence that appellant knew such items to be present in the basement. The evidence fails also to show how many persons had access to the basement. The door to the basement, it is true, was located in close proximity to the door to appellant's apartment, but this fact, standing alone, was insufficient to establish her conscious dominion over contraband or other items of property found in the basement. Cf. *Commonwealth v. Juliano*, 340 Pa.Super. 501, 490 A.2d 891 (1985) (location and proximity of contraband are not alone demonstrative of guilt).

Appellant was not prosecuted for the sale of heroin in which she had participated earlier on the same day. The evidence of this transaction, although relevant, was insufficient to show that appellant had exercised conscious dominion over the cocaine found in the basement of the apartment building. It also failed to establish a link between appellant and the handgun which police found in the basement.

■ The Commonwealth contends that even if appellant did not have exclusive possession of the basement because it was shared with other tenants, a jury could find that she had joint possession of the contraband with the other tenants. In making this argument, the Commonwealth relies upon the Supreme Court decision in *Commonwealth v. Mudrick*, 510 Pa. 305, 507 A.2d 1212 (1986). This decision, however, is not apposite. In *Mudrick*, constructive possession was found where two or more persons occupied a single household and had joint control over the area in which the contraband was found. In the instant case, the contraband was found in the basement of an apartment building occupied by and presumably accessible to the members of at least eight separate households. Moreover, there is no evidence that appellant had knowledge of the property, if any, which may have been stored in the basement by other tenants. Thus, there is no evidence from which a jury could find that appellant had ever exercised conscious dominion over any of the contraband which police found in the basement of the apartment building.

Because the evidence was insufficient to sustain the convictions and, therefore, appellant must be discharged, we do not decide whether the warrant authorizing a search of her apartment was sufficient to authorize as well as a search of the basement to which all tenants had access.

The judgment of sentence is reversed, and appellant is discharged.

TAMILIA, J., files a dissenting statement.

TAMILIA, Judge, dissenting:

I respectfully dissent to the holding by the majority that the evidence was insufficient to establish constructive possession by appellant of drugs and drug paraphernalia found in the basement of appellant's apartment complex. The possession of a key to the padlock on the door of the basement, coupled with overwhelming proof of appellant's involvement in the sale of drugs, with no countervailing

proof that any other person in the apartment complex had a key to the lock, requires that we affirm the findings made by the suppression judge. The Commonwealth properly maintains this evidence was sufficient to establish dominion and control by appellant over the drugs found in the basement.

I would affirm judgment of sentence.