617 A.2d 342

**COMMONWEALTH of Pennsylvania**

v.

**Luis MERCADO, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 1, 1992.

Filed Dec. 1, 1992.

Patrick J. Connors, Media, for appellant.

Anthony Pomeranz, Asst. Dist. Atty., Philadelphia, for Com.

Before CIRILLO, POPOVICH and HOFFMAN, JJ.

HOFFMAN, Judge:

Appeal is taken from the judgment of sentence entered on May 24, 1991 for possession of controlled substances with

intent to deliver [1] and for criminal conspiracy.[2] Appellant contends the following: the evidence was insufficient to support the convictions; the police officers who executed the search warrant violated the "knock and announce" rule, Pa. R.Crim.P. 2007; the search warrant was defective; and the lower court incorrectly utilized the mandatory minimum sentencing provisions of 18 Pa.C.S.A. § 7508. For the reasons set forth below, we agree that the Commonwealth's evidence was insufficient to support the convictions and therefore reverse and vacate the judgment of sentence.

On April 5, 1989, an officer from the Philadelphia Police Department went to 707 West Berks Street in Philadelphia, a three story brick row house, to investigate a report that controlled substances were being sold at that location. The officer was met at the door by Alex Colon, appellant's alleged co-conspirator. Colon asked the officer "what he needed" and the officer replied "two caps". Colon handed the officer two vials later determined to contain crack cocaine, and in exchange, the officer gave Colon a pre-recorded ten dollar bill. During this transaction, the officer viewed appellant leaning his head and shoulders out of the third floor window immediately above. At this time there was no verbal communication between appellant and Colon.

The officer returned to 707 West Berks Street twice the same evening within a span of fifteen minutes. On each occasion, the officer observed Colon at the front door, and appellant leaning out the window. However, the officer witnessed no evidence of criminal dealing on these occasions.

On April 7, 1990, a search warrant for the premises was issued.[3] Upon execution of the search warrant, officers encountered appellant between the first and second floor. The

1. 35 Pa.S.A. § 780–113(a)(16).

2. 18 Pa.C.S.A. § 903.

3. Although 707 Berks Street appeared as a single unit three story row house from the outside, it was actually being used as multiple occupancy dwelling. It contained an apartment on the first floor, with the second floor consisting of a bathroom, a common kitchen and two separate rooms with locks on the doors. On the third floor were two rooms without any locks on the doors.

officers proceeded past appellant to the third floor. The door to the third floor apartment was open and unlocked. From that room, the officers confiscated a clear plastic bag containing 23.7 grams of cocaine, two plastic packets each containing 20 vials of crack cocaine, numerous clear plastic vials, caps, and packets, and a spoon and a razor, each with a white residue all lying in plain view on a table. In addition, a further search of the room disclosed a brown paper bag containing two baggies with a total of 56.5 grams of cocaine, and $3,128 in U.S. currency, including the pre-recorded ten dollar bill the officer used to buy cocaine from Colon.

On November 9, 1990, a bench trial was held and appellant was convicted of possession of controlled substances with intent to deliver and criminal conspiracy. Appellant's post trial motions were denied on January 14, 1991. Thereafter, appellant was sentenced to three-to-six years incarceration and a fine of fifteen thousand dollars ($15,000.00) for possession with intent to deliver cocaine, and a concurrent term of one-to-five years for criminal conspiracy. This timely appeal followed.

Appellant first argues that the evidence presented at trial was insufficient to support a conviction of possession with intent to deliver.[4] Initially, we point out that our standard of review for challenges to the sufficiency of evidence is limited.

> We must determine whether, viewing all the evidence at trial, as well as all reasonable inferences to be drawn therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offense was proven beyond a reasonable doubt. Both direct and circumstantial evidence receive equal weight when assessing the sufficiency of the evidence. *Commonwealth v. Carson*, 405 Pa.Super. 492, 592 A.2d 1318, 1320 (1991); *Commonwealth v. French*, 396 Pa.Super. 436, 578

---

**4.** 35 Pa.S.A. § 780–113(a)(16) prohibits "[k]nowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act."

A.2d 1292 (1990). All reasonable inferences, consistent with the evidence, must be viewed in the Commonwealth's favor as verdict winner.

*Commonwealth v. Grekis,* 411 Pa.Super. 494, 504–05, 601 A.2d 1275, 1280 (1992). Mindful of our narrow standard of review, we proceed with appellant's claims.

The record is clear that after the police searched the premises located at 707 West Berks Street and arrested appellant, no drugs were found in appellant's possession. Hence, the drug possession charge against appellant required a showing of constructive possession. *Commonwealth v. Frometa,* 398 Pa.Super. 110, 113, 580 A.2d 865, 867 (1990) (" 'When drugs are not found on the defendant's person, the Commonwealth is required to prove constructive possession.' ") (citations omitted).

■ Constructive possession has been defined as "the ability to exercise a conscious dominion over the illegal substance: the power to control the contraband and the intent to exercise that control." *Commonwealth v. Valette,* 531 Pa. 384, 613 A.2d 548, 550 (1992) (citing *Commonwealth v. Macolino,* 503 Pa. 201, 206, 469 A.2d 132, 134 (1983)). Intent to maintain a conscious dominion, moreover, may be inferred from the totality of circumstances, and from circumstantial evidence. *Id.* 613 A.2d at 550.

■ In the present case, the Commonwealth's evidence consisted of the following: the police observation of appellant, leaning out the third floor window of the house where a planned "buy" was made, watching a drug transaction transpire between police and appellant's alleged co-conspirator; the observation of appellant and his alleged co-conspirator in the same position fifteen minutes later, at which time there was no sight of criminal dealing; and the presence of appellant between the first and second floor of the house at the time police uncovered contraband in the third floor apartment. We find this evidence insufficient to support a finding of constructive possession.

Although appellant was observed leaning out the window of the third floor apartment two days prior to the search, and was subsequently present in the house the day the search warrant was executed, the Commonwealth failed to show that appellant had exclusive access to the third floor apartment. Appellant testified that this was not his residence, and there were no pictures, personal items, or documents of identification presented as evidence which indicated appellant's prolonged presence or dominion and control over the apartment. Moreover, the police found the door to the third floor apartment open and without a lock. The apartment, therefore, was clearly accessible to several persons. This court has stated that "where more than one person has equal access to where drugs are stored, presence alone in conjunction with such access will not prove conscious dominion over the contraband." *Commonwealth v. Davis*, 331 Pa.Super. 285, 305, 480 A.2d 1035, 1045 (1984) (citing *Commonwealth v. Keblitis*, 500 Pa. 321, 456 A.2d 149 (1983); *Commonwealth v. Chenet*, 473 Pa. 181, 373 A.2d 1107 (1977); *Commonwealth v. Luddy*, 281 Pa.Super. 541, 422 A.2d 601 (1980)). Therefore, something beyond appellant's mere presence is required to show appellant's constructive possession over the drugs found within the third floor apartment.

The lower court held that appellant's presence at the third floor window was characteristic of a "lookout," and that the subsequent finding of appellant in the house during the search substantiated appellant's involvement and control over the drugs found within the third floor apartment. In essence, the trial court found that appellant's observation from the third floor apartment window of the drug transaction between police and Colon coupled with appellant's presence in the house at the time of the search was sufficient to find that appellant exercised control over the drugs. We disagree.

In the case at bar, appellant's silent observation of a previous drug transaction is not enough to transform his presence in the house at the time of the search into an exercise of conscious dominion over the drugs confiscated by the police. Our Supreme Court has recently stated that "[i]t is well

settled that facts giving rise to mere 'association,' 'suspicion' or 'conjecture,' will not make out a case of constructive possession." *Valette*, 613 A.2d at 551 (1992) (citing *Commonwealth v. Chenet*, 473 Pa. 181, 373 A.2d 1107 (1977); *Commonwealth v. Fortune*, 456 Pa. 365, 318 A.2d 327 (1974); *Commonwealth v. Tirpak et al.*, 441 Pa. 534, 272 A.2d 476 (1971)).

In *Valette*, the Court reversed appellant's conviction for possession of a controlled substance under facts similar to those in the case at bar. In *Valette* the only link between the narcotics confiscated from the premises and appellant was his presence and apparent acquaintanceship with the co-defendants. *Id.* The court found this insufficient for a showing of constructive possession. Likewise, we find the evidence present insufficient to support a finding of constructive possession.

Appellant next argues that the evidence was insufficient to support his conviction for criminal conspiracy.[5] Once again, we note that our review of a sufficiency of evidence claim is limited, and with this in mind we address appellant's second claim.

■ Criminal conspiracy requires an agreement to commit an unlawful act. *Commonwealth v. Eddowes*, 397 Pa.Super. 551, 558, 580 A.2d 769, 773 (1990) ("The essence of a criminal conspiracy is the agreement to perform an unlawful act.") (citing *Commonwealth v. Savage*, 388 Pa.Super. 561, 569–71, 566 A.2d 272, 276 (1989); 18 Pa.C.S.A. § 903). The existence of an agreement, moreover, need not be express, but rather may be inferred from the surrounding circumstances.

An agreement can be inferred from a variety of circumstances including, but not limited to, the relation between

5. 18 Pa.C.S.A. § 903 states that a person is guilty of conspiracy if he:
   (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or
   (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.
In his brief, appellant raises this issue in terms of ineffectiveness, that counsel failed to preserve the issue for appeal. However, we find that trial counsel did raise this issue in post-trial motions. Therefore, we will address the underlying claim on its merits.

the parties, knowledge of and participation in the crime, and the circumstances and conduct of the parties surrounding the criminal episode. These factors may coalesce to establish a conspiratorial agreement beyond a reasonable doubt where one factor alone might fail.

*Commonwealth v. French*, 396 Pa.Super. 436, 441, 578 A.2d 1292, 1294 (1990) (citing *Commonwealth v. Lamb*, 309 Pa.Super. 415, 429, 455 A.2d 678, 685–86 (1983)).

■ The Commonwealth's charge of criminal conspiracy is based upon the police noticing appellant leaning out the third floor apartment window watching the drug transaction between appellant's alleged co-conspirator and police. The Commonwealth contends that although there was no oral communication between appellant and his alleged co-conspirator at this time, nor on the two subsequent occasions in which appellant was observed in a similar position, the presence of drugs, two days later, in the third floor apartment, gives rise to the inference that appellant was in fact a "lookout". It is from these facts that an agreement to engage in an unlawful activity is inferred. We disagree.

A bright line test to distinguish between cases which give rise to an inference of conspiratorial agreement and those which present merely conjecture does not exist. *See Commonwealth v. Lore*, 338 Pa.Super 42, 62, 487 A.2d 841, 852 (1984) ("It is well established that a criminal conspiracy is a common understanding, either tacit or express, which may be proven inferentially but not by mere suspicion or conjecture.") (citations omitted). This case, however, is analogous to *Commonwealth v. Anderson*, 265 Pa.Super. 494, 402 A.2d 546 (1979) wherein this court found an agreement lacking.

In *Anderson*, appellant, while in his wife's presence, directed an undercover officer to give money to appellant's wife while appellant went inside and retrieved the drugs. While still in his wife's presence, appellant handed the packets to the officer. This court reversed the judgment of sentence on the criminal conspiracy charge holding that the evidence was insufficient to implicate appellant's wife.

■ In the instant case, the lower court infers an agreement from facts less persuasive than those in *Anderson*. Appellant was not observed handling any money or communicating in any way with Colon. After the police searched the premises, they found no drugs on appellant, nor was appellant in the room where the drugs were found. Appellant's mere presence at the location of the drug transaction is not sufficient to implicate him in a criminal conspiracy. *See, e.g., Commonwealth v. Davenport*, 307 Pa.Super 102, 109, 452 A.2d 1058 (1982) ("[P]roof of guilt on a charge of conspiracy fails if it shows only that the accused was present at the scene of the crime and knew of its commission.") (citations omitted); *see also Commonwealth v. Stephens*, 231 Pa.Super 481, 489, 331 A.2d 719, 723 (1974) ("In short, the only thing that was shown was that appellant stood mute and unresponsive after overhearing the conversation between the [police officer] and [alleged co-conspirator]. That evidence, while supporting an inference of knowledge, can not support the further inference of agreement. . . .").

For the foregoing reasons we reverse and vacate the judgment of sentence for possession of controlled substances and criminal conspiracy.

Reversed; judgment of sentence vacated.

POPOVICH, J., concurs in the result.

CIRILLO, J., files a dissenting opinion.

CIRILLO, Judge, dissenting.

I most respectfully dissent. Ever mindful that our standard of review is narrow and that we are obliged to view all reasonable inferences in the light most favorable to the verdict winner, *Grekis, supra*, I would hold that the evidence is sufficient to sustain the conviction of Mercado for possession with the intent to deliver and conspiracy.

When a conviction is based on circumstantial evidence, the Commonwealth is not obliged to prove that the evidence is absolutely incompatible with innocence. *Commonwealth v. Calderini*, 416 Pa.Super. 258, 260–61, 611 A.2d 206, 207 (1992).

Constructive possession of contraband can be proved by circumstantial evidence. *Commonwealth v. Mudrick,* 510 Pa. 305, 308, 507 A.2d 1212, 1213 (1986). Constructive possession is a legal fiction, derived from the totality of the circumstances. *Grekis, supra.* Circumstantial evidence may suffice for the totality of the circumstances necessary to prove constructive possession. *Commonwealth v. Macolino,* 503 Pa. 201, 206, 469 A.2d 132, 134 (1983). Our supreme court has held that "constructive possession may be found in either or both actors if contraband is found in an area of joint control and equal access." *Mudrick,* 510 Pa. at 309, 507 A.2d at 1214.

In this case, the police officers observed Mercado unquestionably acting as a lookout from a third floor window on two occasions, once during the planned "buy" and on a second occasion. The officers saw him later in the house with the man who sold the drugs, and then a scant 48 hours later found Mercado in the house, coming down the stairs. In the unlocked third floor lookout room, the police found a large quantity of drugs, their pre-recorded ten dollar bill, and drug paraphernalia.

This evidence, though circumstantial and not absolutely incompatible with innocence, is, in my opinion, sufficient to support the finding of constructive possession. *Mudrick, supra; Macolino, supra; Calderini, supra.* I believe the Commonwealth has proved that contraband was found in an area of joint control and access. *Mudrick, supra.*

The conspiracy conviction must also be reviewed with all inferences in the light most favorable to the Commonwealth as verdict winner. *Grekis, supra.* Criminal conspiracy includes the agreement to aid another in the commission of a crime. 18 Pa.C.S. § 903(a). Conspiracy may also be proved by circumstantial evidence. *Grekis, supra.* I have no trouble finding that Mercado's presence on the third floor, acting as lookout, was an integral and necessary part of the criminal drug dealing which occurred at 707 West Berks Street, Philadelphia. For these reasons I dissent and would affirm the judgment of sentence.