618 A.2d 1007

**COMMONWEALTH of Pennsylvania**

v.

**Carlos RODRIGUEZ, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 5, 1992.

Filed Jan. 5, 1993.

James M. Bucci, Reading, for appellant.

Carolyn L. Darringer, Asst. Dist. Atty., Reading, for Com., appellee.

Before DEL SOLE, BECK and BROSKY, JJ.

DEL SOLE, Judge:

Following a jury trial in which Appellant was convicted of numerous charges including possession, possession with intent to deliver and criminal conspiracy, he filed post-verdict motions which were denied and he was sentenced. He files this direct appeal from his sentence alleging that his convictions should not stand because the Commonwealth did not establish that he constructively possessed the drugs at issue in this matter. Because we agree with Appellant's contention, we need not discuss his other claim which concerns the sentence imposed by the trial court.

The facts of this case were not in dispute. As a result of information from a confidential and reliable police informant that a John Doe was selling cocaine from 907 Franklin Street, first floor, Apartment No. 2., a search warrant was issued for the premises and the body of "John Doe." Based upon the description provided, the arresting officer identified the "John Doe" to be Joseph Aquino.

At approximately 11:30 in the evening the officers went to door of the apartment and heard conversation inside. They knocked, announced that they were police officers, heard scrambling noises and waited approximately 30 seconds before forcing their entry into the premises. The apartment consisted of one room, with a open walk-in closet, a sink, a bed and a dresser. Appellant was found standing in the open closet. As police attempted to detain him, he began to fight and struggle and had to be subdued and handcuffed. The police discovered a key in Appellant's hand which fit into the front door lock of the apartment.

Joseph Aquino was in the apartment next to the bed when the police entered. He too struggled and fought before being arrested. Police located a tenth of a gram of heroin in Mr. Aquino's pocket in ten glassine packets and $270 in cash.

Three plastic baggies of cocaine were found inside a cigarette pack discovered in the pocket of a sports coat jacket hanging in the closet. Police also seized from the top of the dresser a mirror, 16 Valium tablets and a paper tablet with a white powder residue on it. In the dresser police recovered a brown paper bag in which was located a "pestle" and a box containing a gram scale. On the floor in plain view was a bottle a "Vitablend" which although not illegal and commonly sold as a vitamin in health food stores, is also often used as a cutting agent for cocaine. Inside brown paper bags and one box on the floor of the apartment, miscellaneous packaging materials were found. Police also recovered, as proof of residence, four rent receipts issued to Joseph Aquino.

■ No drugs or cash were found in Appellant's possession, and there was no evidence discovered linking Appellant to the apartment, such as mail or receipts. And, despite the fact that in executing the warrant the police were searching for Joseph Aquino, to whom rent receipts were issued for the apartment, the court found support for the conclusion that Appellant constructively possessed the drugs based upon the fact that a key to the apartment was found in his hand, he was present in the apartment when drugs were discovered during the search and he was located in the same walk-in closet which contained a jacket with a pocket in which cocaine was found. We do not draw this same legal conclusion from these facts.

■ Critical to a finding of constructive possession is evidence of shared "access" and "control" of the area where the contraband is found. *Commonwealth v. Mudrick*, 510 Pa. 305, 309, 507 A.2d 1212, 1214 (1986); *See Commonwealth v. Aviles*, 615 A.2d 398 (1992) (which held that Appellant, a lessee of the premises, constructively possessed drugs seized in bedrooms to which she had access.) "Constructive possession has been defined as the ability to exercise a conscious dominion over the illegal substance: the power to control the contraband and the intent to exercise that control." *Commonwealth v. Macolino*, 503 Pa. 201, 206, 469 A.2d 132, 134 (1983). Evidence of Appellant's control is lacking in this case. Many of the seized items were hidden from view in the apartment and others

which were seized in view are equally consistent with non-criminal activity. The Commonwealth suggests that Appellant had control of the entire apartment as evidenced by the key found in his possession. We find this fact alone is insufficient.

When considering the issue of constructive possession, the totality of the circumstances are to be examined. *Commonwealth v. Mudrick*, supra. 510 Pa. at 308, 507 A.2d at 1213. Here as stated, there was no evidence that Appellant resided in the apartment. No mail, rent or utility receipts were found in his name and the rent receipts which were discovered were in another's name alone. There was one bed on the premises and there was no identification in the jacket found in the closet. The confidential informant spoke only of a single person in relating to the police his purchase of drugs from the apartment. Appellant's possession of the key alone cannot, under these circumstances, establish his control of the apartment. Often people have keys to a dwelling to which they have no possessory or ownership interest. Family members and neighbors may exchange keys for a variety of reasons. In this case Joseph Aquino testified that he gave his key to Appellant because he was ill and Appellant was going to bring him food. He supported his testimony with evidence that he was hospitalized upon his arrest. Even absent this testimony, since we must view the facts in favor of the verdict winner, *Commonwealth v. Durrant*, 501 Pa. 147, 460 A.2d 732 (1983), Appellant's possession of the key to the apartment can not alone satisfy the requirement of control necessary to support a finding of constructive possession.

In *Commonwealth v. Frometa*, 398 Pa.Super. 110, 580 A.2d 865 (1990) the appellant's possession of a key to a basement where drugs were found was deemed insufficient to sustain her possession conviction. This ruling was made despite the fact that the police had made a controlled buy of heroin from appellant earlier and had obtained a warrant to search her apartment upstairs in the building. The court noted that the evidence did not establish whether or not the basement was a part of the premises leased to the appellant and that the possession of the key did not establish that she "exercised

conscious dominion" over the items found in the basement. Although the basement door was located in close proximity to the door to the appellant's apartment there was no evidence that the appellant knew the items were in the basement and no evidence of how many people had equal access to the basement area.

In this case, the Commonwealth did not even have evidence as strong as that produced, and ruled insufficient, in *Frometa.* Here there was no evidence of a prior drug deal involving Appellant. The area searched was not in close proximity to Appellant's residence. The only evidence linking Appellant to the apartment was the key and his presence. This alone will not suffice.

For the foregoing reasons we reverse Appellant's convictions, vacate his Judgment of Sentence and order that he be discharged.