J-S19038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :      IN THE SUPERIOR COURT OF
                                          :              PENNSYLVANIA

         Appellant             :

                                            :

           v.                    :

                                            :

CALVIN EARLY,                    :

                                            :

         Appellee             :            No. 2695 EDA 2014

Appeal from the Order entered on August 14, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No. CP-51-CR-0005984-2014

BEFORE: STABILE, JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:           **FILED APRIL 15, 2015**

The Commonwealth appeals from the Order granting Calvin Early's ("Early") Motion to Quash. We affirm in part and reverse in part.

The trial court set forth the relevant factual and procedural history in its Opinion, which we incorporate herein for purposes of this appeal. ***See*** Trial Court Opinion, 11/25/14, at 1-2.

On appeal, the Commonwealth raises the following question for our review:

> Properly viewed in the light most favorable to the Commonwealth, did the evidence at the preliminary hearing establish a *prima facie* case of possession of a controlled substance with intent to deliver, knowing or intentional possession of a controlled substance, possession of a firearm in violation of 18 Pa.C.S.A. § 6105, and possession of an instrument of crime?

Brief for Commonwealth at 4.

The decision to grant a motion to quash a criminal information or indictment is within the sound discretion of the trial judge, and will be reversed on appeal only where there has been a clear abuse of discretion. **See Commonwealth v. Finley**, 860 A.2d 132, 135 (Pa. Super 2004).

The Commonwealth contends that the presence of a marijuana blunt in Early's bedroom, and the fact that no one else was in the residence during the search, are sufficient to establish a *prima facie* case that Early constructively possessed the marijuana blunt. Brief for Commonwealth at 9-10. The Commonwealth asserts that it was only required to establish probable cause to warrant the belief that Early possessed the marijuana blunt, and claims that the trial court erred by ruling that the Commonwealth was required to prove that Early was the only person who could possibly be responsible for the marijuana blunt in his bedroom. **Id**. at 11-12.

The Commonwealth further contends that the trial court applied the wrong standard with regard to the drugs and guns found in the adjacent bedroom which, the record reflects, was Early's brother's bedroom. **Id**. at 12. The Commonwealth asserts that because (1) the adjacent bedroom was accessible only through Early's bedroom; (2) the door to the adjacent bedroom did not have a lock; and (3) no one other than Early was in the residence at the time of the search, "[Early] thus had the power to control the drugs and guns located in the adjacent room." **Id**.

Since no drugs, drug paraphernalia or guns were found on Early, it was incumbent upon the Commonwealth to prove constructive possession of these items by Early to justify his conviction. ***Commonwealth v. Smith***, 497 A.2d 1371, 1372 (Pa. Super. 1985). Constructive possession is "a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not." ***Commonwealth v. Mudrick***, 507 A.2d 1212, 1213 (Pa. 1986). Constructive possession entails the power to control the contraband and the intent to exercise that control. ***Commonwealth v. Macolino***, 469 A.2d 132, 134 (Pa. 1983). Constructive possession may be inferred from the totality of the circumstances using circumstantial evidence. ***Id.*** at 134.

Here, the marijuana blunt was found in Early's bedroom. Typically, a bedroom is regarded as a private place with limited access, and is usually subject to the exclusive control of the inhabitant of that bedroom. ***See Smith***, 497 A.2d at 1373. However, the evidence of record reveals that Early's bedroom was not subject to his exclusive control. Rather, Early's brother was required to travel through Early's bedroom in order to access the brother's adjacent bedroom. N.T., 8/14/14, 3-4, 6. Thus, the evidence of record reflects that Early and his brother had joint access to Early's bedroom. Nevertheless, because constructive possession may be found "in one or more actors where the item in issue is in an area of joint control and

equal access[,]" the record reflects that the Commonwealth presented *prima facie* evidence of Early's constructive possession of the marijuana blunt. **Commonwealth v. Valette**, 613 A.2d 548, 550 (Pa. 1992); **see also** N.T., 5/22/14, 5-6, 8 (indicating that, at the time of the parole visit, the parole officer smelled marijuana upon going upstairs to Early's bedroom, and Early was the only one home at the time of the parole visit).  Accordingly, we reverse the trial court's Order as it relates to the charges arising from the marijuana blunt found in Early's bedroom.

As to the drugs, drug paraphernalia and guns found in Early's brother's bedroom, the evidence of record does not establish that Early had joint access to or equal control over his brother's adjacent bedroom, so as to establish constructive possession of those items.  **See Valette**, 613 A.2d at 550.  There is no evidence that Early was the owner of the premises, or that he had access to any bedroom other than his own.  **See Smith**, 497 A.2d at 1373.  Rather, the record evidence reflects that these items were located beyond a closed door, in a separate bedroom that did not belong to Early, and that most of the items were not in plain view.  N.T., 5/22/14, 9-11. Accordingly, the trial court properly determined that the Commonwealth failed to establish that Early constructively possessed the drugs, drug paraphernalia and guns found in Early's brother's room.

For the reasons expressed herein, we affirm the trial court's Order as it relates to the drugs, drug paraphernalia and guns found in Early's brother's

bedroom, and reverse the Order as it relates to the marijuana blunt found in Early's bedroom.

Order affirmed in part and reversed in part in accordance with this Memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/2015

Circulated 03/18/2015 02:46 PM

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

FILED

NOV 2 5 2014

Criminal Appeals Unit
First Judicial District of PA

COMMONWEALTH OF PENNSYLVANIA :
                                :
                                : CP-51-CR-0005984-2014
                                :
v.                              :
                                : 2695 EDA 2014
                                :
CALVIN EARLY                    :
                                :
_____

MEANS, J.                              November 25, 2014

## OPINION

## FACTUAL HISTORY

On April 22, 2014, Agent Christopher Keller reported to 1722 South 60th Street, the residence

of Calvin Early, the Defendant, for a scheduled home visit. N.T. 05/22/14, at 5. Upon entering the

Defendant's bedroom on the second floor of the residence, Agent Keller noticed an odor of marijuana

and began to search the room for about ten (10) minutes. N.T. 05/22/14, at 5, 9. Agent Keller

discovered another door toward the back of the bedroom, and upon opening that door, he realized it

was an entrance to another bedroom. N.T. 05/22/14, at 6. In this separate bedroom, which was only

accessible through the Defendant's bedroom, Agent Keller observed a glass marijuana pipe, a wooden

pipe that had been used and a marijuana grinder on top of a dresser and in plain view. N.T. 05/22/14, at

6, 11. Objects not in plain view, but discovered by Agent Keller and later Officer David Gerald,

included two handguns, one each in a separate drawer of the dresser, loose crack cocaine on a plate

beneath the dresser, and yellow and red tinted bags, one of which contained a piece of crack cocaine.

N.T. 05/22/14, at 15-17. While Agent Keller reports that the aforementioned odor of marijuana was

1

stronger in the adjoining bedroom, he did find a single piece of a marijuana blunt on the windowsill of the Defendant's bedroom before entering and searching the adjoining bedroom. N.T. 05/22/14, at 8.

## PROCEDURAL HISTORY

On April 22, 2014, the Defendant was arrested and charged with one (1) count Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver (35 P.S. 780-113(a)(30)); two (2) counts Possession Of Prohibited Firearm (18 Pa.C.S. § 6105(a)(1)); one (1) count Intentional Possession of a Controlled Substance By Person Not Registered (35 P.S. 780-113(a)(16)); and two (2) counts Possession of an Instrument of Crime With Intent to Employ Criminally (18 Pa.C.S. § 907(a)).

On May 22, 2014, the Philadelphia County Municipal Court held a preliminary hearing and all charges were held for court. On June 19, 2014, Defendant filed a Motion to Quash on all charges. At a hearing held on August 14, 2014, this Court granted the Motion to Quash all six (6) of the charges.

On September 15, 2014, the Commonwealth filed a Notice of Appeal, as well as a 1925(b) Statement of Errors Complained of on Appeal, alleging that this Court erred in ruling that "there was insufficient evidence for a prima facie case that Defendant possessed guns and drugs kept in a room accessible only from his bedroom."

## LEGAL ISSUE

At a preliminary hearing, the Commonwealth bears the burden of establishing a prima facie case of the defendant's guilt. This requires evidence of each of the material elements of the crime(s) charged, as well as sufficient probable cause to believe that the defendant committed the offense(s) in question. Commonwealth v. Wojdak, 466 A.2d 991 (1983). Absence of evidence of a material element is fatal to the Commonwealth's case. Commonwealth v. Moyer, 648 A.2d 42 (1994). The evidence must be "such that, if presented at trial and accepted as true, the judge would be warranted in

2

permitting the case to go to the jury." Commonwealth v. Huggins, 836 A.2d 862, 866 (2003).

Inferences that can be reasonably drawn from the evidence presented must be read in the light most favorable to the Commonwealth. Id., Commonwealth v. Owen, 580 A.2d 414 (1990).

The quashed charges of one (1) count Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver (35 P.S. 780-113(a)(30)); two (2) counts Possession Of Prohibited Firearm (18 Pa.C.S. § 6105(a)(1)); one (1) count Intentional Possession of a Controlled Substance By Person Not Registered (35 P.S. 780-113(a)(16)); and two (2) counts Possession of an Instrument of Crime With Intent to Employ Criminally (18 Pa.C.S. § 907(a)), all require that the Commonwealth make out a prima facie case of possession of contraband as an element of the offense. In instances where contraband is not found on the defendant's person, the Commonwealth must make a showing of contrastive possession. Com. v. Mercado, 617 A.2d 342, 344 (1992).

> When the illegal possession of contraband is charged, the evidence must establish that the appellant had a conscious dominion over the contraband. The illegal possession of narcotic drugs is a crime which 'by its very nature is unique to the individual. By definition, the possessor is the only person who could commit this crime.

Com. v. Fortune, 318 A.2d 327, 328 (1974) (citations omitted). As no drugs were found in Defendant's actual possession or on his person, the Commonwealth was burdened at the time of the preliminary hearing with establishing a prima facie case of constructive possession. Commonwealth v. Haskins, 677 A.2d 328, 330 (1996), appeal denied, 692 A.2d 563 (1997) ("When contraband is not found on the defendant's person, the Commonwealth must establish constructive possession..."); Commonwealth v. Boatwright, 453 A.2d 1058, 1059 (1982) (noting that in order to establish that the defendant carried a firearm without a license, the Commonwealth must show that the defendant had the ability and the intent to exercise control over the firearm). Constructive possession requires that the defendant have knowledge of the illegal substance in question, the intent to control that illegal substance, and the ability to control that illegal substance. Com. v. Davis, 480 A.2d 1035, 1045 (1984). The absence of any of these factors is fatal to establishing constructive possession. Commonwealth v.

3

Hamm, 447 A.2d 960, 962 (Pa. Super. 1982), Commonwealth v. Jones, 874 A.2d 108, 121 (Pa. Super. 2005).

## A. Contraband Found In The Separate Bedroom

In the instant case, the Commonwealth failed to demonstrate that the Defendant had the knowledge, the intent, and the ability to control the illegal substances and firearms found in the separate bedroom. While the Commonwealth has established that the Defendant does reside at the house in which the contraband was found, mere residency does not establish knowledge of contraband in a home; nothing presented at the preliminary hearing suggests that the Defendant is the sole resident and thus the only person who could possibly be responsible for whatever contraband is found inside. Com. v. Fortune, 318 A.2d 327, 329 (1974) ("There is no evidence that the appellant had any knowledge of the presence of the drugs in her home prior to the arrival of the police. The appellant's residency in the home does not establish any such knowledge."). In fact, Agent Keller testified that the Defendant informed him that his brother resided in the separate bedroom. N.T. 05/22/14, at 10. Although officers noted a strong odor of marijuana emanating from both bedrooms, the smell alone is not sufficient to presume the Defendant knew there was contraband in the separate bedroom. Furthermore, Agent Keller testified that the smell of marijuana was strongest in the second bedroom. N.T. 05/22/14, at 13. There is no evidence to suggest that the Defendant was in either bedroom at the time Agent Keller arrived at the residence. As such, there is nothing besides the fact that Defendant resides in the home to suggest that he knew about the contraband in the second bedroom, and certainly no facts that point to his intent or ability to control the drugs or firearms in question. This, on its own, is insufficient to make out a prima facie case of constructive possession.

Moreover, the contraband was not in a place normally accessible only to a resident of the home, as the second bedroom had no lock and most of the contraband was in plain view, including a large assortment of marijuana paraphernalia. N.T. 05/22/14, at 9. The contraband, which altogether included

4

a glass marijuana pipe, a wooden pipe that had been used, a marijuana grinder, two loaded handguns and both loose and bagged crack cocaine, was located in the second bedroom, not the bedroom of the Defendant. N.T. 05/22/14, at 11-17. There is no evidence to sustain the charge of Possession With Intent To Deliver, as the contraband was nowhere near the Defendant when it was discovered. Taking the evidence as presented, and making all reasonable inferences in the light most favorable to the Commonwealth, a prima facie case of constructive possession with respect to the Defendant and the glass marijuana pipe, the wooden pipe, the marijuana grinder, the two loaded handguns and both the loose and bagged crack cocaine, all of which were found in the separate bedroom, was not established. The charges of one (1) count Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver (35 P.S. 780-113(a)(30)); two (2) counts Possession Of Prohibited Firearm (18 Pa.C.S. § 6105(a)(1)); and two (2) counts Possession of an Instrument of Crime With Intent to Employ Criminally (18 Pa.C.S. § 907(a)) were properly quashed.

## B. Contraband Found In The Defendant's Bedroom

In the instant case, the Commonwealth failed to demonstrate that the Defendant had the knowledge, the intent and the ability to control the illegal substance, the single piece of a marijuana blunt found on the windowsill of his own bedroom. As previously stated, while the Commonwealth has established that the Defendant does reside at the house in which the marijuana blunt was found, nothing presented at the preliminary hearing suggests that the Defendant is the sole resident and thus the only person who could possibly be responsible for whatever illegal substance is found inside. There has been no evidence presented to suggest that the Defendant was in his own bedroom at the time Agent Keller arrived at the residence. Moreover, Agent Keller testified that there were no other ways to access the Defendant's brother's bedroom, other than directly through the door in the Defendant's own bedroom. N.T. 05/22/14, at 6. The Defendant's brother is required to travel through the Defendant's bedroom every time he wants to enter or exit the separate bedroom. Therefore, the

5

marijuana blunt was not in a place normally accessible only to a resident of the home, nor was the marijuana blunt in a room solely traversed by the Defendant. Agent Keller testified that this marijuana blunt was in plain view, located on the windowsill of the Defendant's bedroom. N.T. 05/22/14, at 8. Taking the evidence as presented, and making all reasonable inferences in the light most favorable to the Commonwealth, a prima facie case of constructive possession with respect to the Defendant and the single marijuana blunt found on the windowsill of the Defendant's bedroom was no established. The charge of one (1) count Intentional Possession of a Controlled Substance By Person Not Registered (35 P.S. 780-113(a)(16)) was properly quashed.

BY THE COURT:

_____
MEANS, J.